[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
 I FACTS
The plaintiff, Mish, Inc., doing business as Vicky's Corner Restaurant, sustained a loss of its business real estate, personal property and inventory at 1320 Boston Post Road, Madison, Connecticut, as a result of a fire on June 12, 2000. The plaintiff filed this application for an order to compel the appointment of appraiser pursuant to its policy of insurance with the defendant, American Country Insurance Company.
In accordance with the terms of the policy, both parties hired an appraiser to assess the loss to the premises. Subsequent to the exchange of appraisals, the plaintiff made demand upon the defendant, pursuant to the policy, for the continuation of the appraisal process with the selection of an umpire by the two previously selected appraisers. The defendant has refused to continue with this appraisal process and has filed four special defenses in opposition to the application. The plaintiff seeks to strike these defenses.
The first special defense alleges that the defendant has no obligation to make any payment until the insured property is actually repaired or CT Page 6555 replaced; the second special defense alleges that the defendant has no obligation to pay for loss of business income during the suspension of business operations because the plaintiff has unreasonably extended the period of restoration by failing to effect the repairs; the third special defense alleges that because the defendant has raised coverage defenses it may not be compelled to submit to an appraisal and the fourth special defense alleges that the plaintiff is precluded from claiming appraisal due to its failure to protect the insured premises from further damage. In summary, the special defenses allege that the defendant's obligation to submit to appraisal is contingent upon its liability to pay the claim, or, stated differently, that the appraisal clause is unenforceable in the absence of a judicial determination of the defendant's liability to pay the claim.
The plaintiff argues that the defendant's special defenses are legally insufficient since they do not challenge the enforceability of the appraisal clause of the policy, but are instead addressed to the separate issue of the defendant's liability under the policy to make payment to the plaintiff for its losses. According to the plaintiff, the issue of liability under the policy is not the subject matter of the current proceeding before the court, but is instead "a matter for another day." (See Plaintiff's Memorandum, p. 7.)
 II DISCUSSION
"If . . . a party seeks the admission of evidence which is consistent with a prima facie case, but nevertheless would tend to destroy the cause of action, the `new matter' must be affirmatively pleaded as a special defense." Practice Book § 10-50; Pawlinski v. Allstate Ins. Co.,165 Conn. 1, 6, 327 A.2d 583 (1973). "A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike. . . . In ruling on a motion to strike, the court must accept as true the facts alleged in the special defense and construe them in the manner most favorable to sustaining their legal sufficiency." (Internal citation omitted.) Barasso v. Rear Sill Hill Road. LLC, 64 Conn. App. 9,13, 779 A.2d 198 (2001). "If the allegations in the challenged pleading support any legally sufficient defense, the motion to strike must be denied." Krasnow v. Christensen, 40 Conn. Sup. 287, 288, 492 A.2d 850
(1985). "When considering a motion to strike, the court must rely wholly upon the facts alleged in the pleadings and those necessarily implied therefrom." Id. "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or a defense. . . . The legal conclusions or opinions stated in . . . [a] . . . special CT Page 6556 defense are not deemed admitted, but rather must flow from the subordinate facts provided." (Internal citations omitted.) County FederalSavings Loan Assn. v. Eastern, 3 Conn. App. 582, 585-86, 491 A.2d 401
(1985). "The burden of alleging recognizable special defenses . . . rests upon the defendant." Cowart v. Grimaldi, 46 Conn. Sup. 248, 250,746 A.2d 833 (1997).
The appraisal clause[1] of the policy between the parties is the plain language equivalent of that contained in the standard form of fire insurance policy set forth in General Statutes § 38a-307 (formerly § 38-98). Our Supreme Court has held that an appraisal clause in the standard form fire insurance policy as set out in General Statutes §38a-307 "constitutes an agreement to arbitrate and falls within the ambit of our arbitration statutes, General Statutes §§ 52-408 through 52-424." (Internal citation omitted.) Giulietti v. Connecticut Ins. PlacementFacility, 205 Conn. 424, 432, 534 A.2d 213 (1987). "[Sections] 52-410 and52-411 of the General Statutes . . . provide an appropriate procedure for an insured who needs judicial assistance when an insurer unreasonably refuses to proceed with the appraisal procedure specified in the insurance contract." Covenant Ins. Co. v. Banks, 177 Conn. 273, 278,413 A.2d 862 (1979).
"It is important as a matter of policy to have a device that allows one party to an insurance contract to compel compliance with the policy's appraisal procedure when the other party is reluctant to proceed. A narrow reading of § 52-411 would unfairly allow an insurance company unilaterally to refuse to proceed with the appraisal process, thus effectively limiting the insured to an expensive and time-consuming suit on the policy for the amount of the loss." Id., 280. "The remedy that § 52-411 provides for an insured who needs judicial assistance . . . is both prompt and efficient." Id. Our Supreme Court has held that "by proceeding to trial . . . upon the question of the amount of [the] loss, the very issue to be determined by appraisers . . . [the insured] . . . effectively waived . . . [its] . . . rights under the appraisal clause."Giulietti v. Connecticut Ins. Placement Facility, supra, 205 Conn. 432.
"Arbitration is a creature of contract . . . and there must be an express agreement to arbitrate in order for the arbitrators to have authority and the court to have jurisdiction . . . Arbitration . . . is designed to avoid litigation and secure prompt settlement of disputes and is favored by the law. . . . A person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed to do so. . . . No one can be forced to arbitrate a contract dispute who has not previously agreed to do so." (Internal citations omitted; internal quotation marks omitted.) Lussier v. Spinnato,69 Conn. App. 136, 142-43, ___ A.2d ___ (2002). CT Page 6557
"Whether a particular dispute is arbitrable is a question for the court. . . . The manifestation of arbitrability may be by express provision to that effect or the use of broad terms . . . and courts must look to the plain language of the contract and construe the contract as a whole when determining the intent of the parties." Id. In Lussier v.Spinnato, supra, 69 Conn. App. 143, the court found in an action where the plaintiff sought to vacate an arbitration award, that her prior assent to arbitration is clearly demonstrated by her conduct." Id. In that case, the plaintiff had "initiated arbitration proceedings and did not object to arbitration until a judgment was awarded in favor of the defendants." Id. Similarly, in this case, although the defendant did not initiate arbitration proceedings, nonetheless the pleadings clearly indicate that the defendant willingly participated in the initial stages of the arbitration process. (See Plaintiff's Application for Order to Compel, ¶¶ 9 and 10; see also Defendant's Answer, ¶¶ 2 and 6.)
General Statutes § 38a-307 provides for "the inclusion in every fire policy of a choice of arbitration or litigation in the event that there is a disagreement as to loss." Reves v. Allstate Insurance Co.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 377725 (March 18, 1996, Barnett, J.). Moreover, "General Statutes 52-410
allows a party to apply to the Superior Court for an order compelling a recalcitrant party to a written agreement for arbitration to proceed with arbitration. Subsection (c) of this statute provides that "the court or judge shall hear the matter either at a short calendar session, or as a privileged case, or otherwise, in order to dispose of the case with the least possible delay. . . ." This language demonstrates that the legislature, like the courts, "favor[s] arbitration as a means of settling differences and expediting the resolution of disputes.' These means would be thwarted if a party, who contractually agreed to the arbitration but refuses to proceed with it, is able to slow down this favored process not only by requiring the other party to seek the court's intervention, but also by insisting on all the procedural formalities, delays and costs of an ordinary civil action." (Internal citations omitted.) Fishman v. Middlesex Mutual Assurance Co., 4 Conn. App. 339,345-46, 494 A.2d 606 (1985).
By asserting special defenses to this proceeding that address the defendant's liability to make payment under the policy, the defendant attempts to intertwine a non existent action on the policy with the statutory arbitration proceeding which is now before the court. Such was not the intent of the legislature in providing for this type of arbitration and the plaintiff's motion to strike each of the special defenses is therefore granted. CT Page 6558
Berger, J.