## DEBRA COWART, ADMINISTRATRIX (ESTATE OF EVIE COWART) *v.* NICHOLAS M. GRIMALDI ET AL.

Superior Court   Judicial District of   File No. CV9661674S
     Tolland at Rockville

Memorandum filed February 7, 1997

*Berman & Russo*, for the plaintiff.

*Edward W. Case*, for the named defendant.

*Noble, Young & O'Connor*, for the defendant Hilary Fisher.

*Clendaniel, Weddall & Larose*, for the defendant William J. Mulka.

RITTENBAND, J. This appears to be a case of first impression in Connecticut. The plaintiff, Debra Cowart, administratrix of the estate of Evie Cowart, has brought her amended complaint dated September 25, 1996, in six counts alleging negligence and recklessness against the defendants who caused an automobile accident resulting in the death of her daughter on Interstate 84 on December 22, 1995. The amended complaint against the driver, the named defendant, Nicholas M. Grimaldi,

alleges, inter alia, that Grimaldi was impaired by the consumption of alcohol. In the fifth and sixth counts directed at the defendant Hilary Fisher, the amended complaint alleges, inter alia, that Fisher assisted Grimaldi, a minor, in his negligence and recklessness by taking charge of him after he had become intoxicated at his place of employment, by then driving him to the home of the defendant William J. Mulka, to enable and assist him to consume additional intoxicating liquor, and thereafter, knowing he was intoxicated, drove him back to his automobile, thereby substantially assisting and encouraging him to operate his automobile on the highway while under the influence of intoxicating liquor. Fisher, by motion dated November 20, 1996, has moved to strike both counts against her alleging that Fisher did not owe a legal duty to third persons for injuries caused by the negligence of Grimaldi and that, therefore, the plaintiff has failed to state a claim upon which relief can be granted. Briefs were filed by the plaintiff and Fisher and oral argument was held on January 27, 1997.

A motion to strike challenges the legal sufficiency of a pleading, including special defenses and counterclaims. Practice Book § 152, now § 10-39; see generally *Mingachos* v. *CBS, Inc.*, 196 Conn. 91, 108, 491 A.2d 368 (1985) (pleadings); see also *Fairfield Lease Corp.* v. *Romano's Auto Service*, 4 Conn. App. 495, 496, 495 A.2d 286 (1985) (counterclaims); *Krasnow* v. *Christensen*, 40 Conn. Sup. 287, 288, 492 A.2d 850 (1985) (special defenses). The motion admits well pleaded facts but does not admit any legal conclusions or the truth or accuracy of opinions stated in the pleadings. *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.*, 179 Conn. 541, 545, 427 A.2d 822 (1980). In ruling on a motion to strike, the court is limited to the facts alleged in the challenged pleadings. *King* v. *Board of Education*, 195 Conn. 90, 93, 486 A.2d 1111 (1985). "Conclusions of law, absent sufficient alleged facts to support

them, are subject to a motion to strike." *Fortini* v. *New England Log Homes, Inc.*, 4 Conn. App. 132, 134–35, 492 A.2d 546, cert. dismissed, 197 Conn. 801, 495 A.2d 280 (1985). The burden of alleging recognizable special defenses and counterclaims rests upon the defendant. Cf. *McAnerney* v. *McAnerney*, 165 Conn. 277, 334 A.2d 437 (1973).

At oral argument, Fisher stated she relied on *Dennison* v. *Klotz*, 12 Conn. App. 570, 532 A.2d 1311 (1987), cert. denied, 206 Conn. 803, 535 A.2d 1317 (1988), and that she had found no cases where a nonpassenger had been found liable for the negligence of an intoxicated driver. This court finds that Fisher's reliance upon *Dennison* is misplaced. Based upon that and the plaintiff's contention at the bottom of page nine of her December 11, 1996 brief that "this specific type of negligence has apparently never been resolved by a Connecticut court," this court finds this issue to be a case of first impression in Connecticut.

In *Dennison*, the plaintiff, whose decedent was a passenger, brought suit against the driver and against another passenger alleging that the other passenger owed a duty to the deceased passenger to prevent the driver from causing harm. As Fisher states in her brief dated November 17, 1996, "[t]he Appellate Court held that a non-driver such as a passenger . . . who has not committed some affirmative act . . . does not owe a legal duty to third persons injured by the driver's negligence." *Dennison* also holds that "inaction by a defendant passenger does not give rise to liability to a fellow passenger or other third party injured by the driver's conduct." *Dennison* v. *Klotz*, supra, 12 Conn. App. 583. On this basis the court further found that not only should liability not be attached to the inaction of a passenger, but it should also not attach to third parties such as bystanders or witnesses who failed to take preventive action. Id. In the present case, however, the

facts are different from *Dennison.* Fisher, according to the allegations of the amended complaint, was not a bystander as Fisher claims. She has not been charged with failure to take preventive action. Even in *Dennison,* the court draws a distinction between the facts in that case and the plaintiff's argument of liability when "the guest directs or encourages the negligent act . . . ." Id., 577 n.6. The court specifically declined to address this theory of liability "because the complaint alleges no such affirmative conduct on the part of the defendants." Id. This is in sharp contrast to the amended complaint in the present case in which the plaintiff alleges a series of *affirmative* acts which substantially assisted Grimaldi in his negligence and recklessness.

The Restatement (Second) of Torts provides that a person may be liable to a third person for the tortious conduct of another if he "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so conduct himself. . . ."[1] 4 Restatement (Second), Torts § 876 (1979). That is exactly what is contained in the allegations of the plaintiff in the present case. In *Nolan* v. *Morelli,* 154 Conn. 432, 443, 226 A.2d 383 (1967), the court drew a distinction between passive nonparticipation and active assistance in the commission of a tort. *Nolan* cited *Galvin* v. *Jennings,* 289 F.2d 15, 17 (3d Cir. 1961), where it was alleged that the defendant tavern proprietor actively assisted an intoxicated person in getting his car out of the parking lot and onto the public highway.

The holding in *Carney* v. *DeWees,* 136 Conn. 256, 262–63, 70 A.2d 142 (1949), is also instructive. Applying

---

[1] In their comment to this section the authors stated in pertinent part: "If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the other's act." 4 Restatement (Second), Torts § 876 comment (b), p. 317 (1979).

4 Restatement (Second), supra, § 876, the court found the driver of a vehicle in a street race to be liable even though it was the other driver who caused the injury because he had, by his *affirmative* conduct, encouraged the other driver to operate recklessly.

In looking at other jurisdictions, the cases by the plaintiff all do hold that whether there was "substantial assistance" must be resolved by the trier of fact.[2] In addition, they hold that someone giving *substantial assistance* to the tortfeasor is also a tortfeasor and some cite 4 Restatement (Second), supra, § 876.

The problem in the present case is that Fisher refuses to recognize the amended complaint as alleging substantial assistance to Grimaldi through affirmative acts by Fisher, and merely claims that she was a bystander.

This court finds that based upon the allegations of counts five and six of the amended complaint against Fisher and for the reasons stated previously, Fisher did owe a legal duty to the plaintiff's decedent, and counts five and six of the amended complaint do state a claim upon which relief can be granted. Accordingly, Fisher's motion to strike dated November 20, 1996, is denied.

---

[2] See *Fassett* v. *Delta Kappa Epsilon New York*, 807 F.2d 1150 (3d Cir. 1986); *Sanke* v. *Bechina*, 216 Ill. App. 3d 962, 576 N.E.2d 1212 (1991); *Cooper* v. *Bondoni*, 841 P.2d 608 (Okla. App. 1992).