YAROSLAVA RANGEL ET AL. *v.* DOUGLAS
PARKHURST ET AL.
(AC 20426)

Schaller, Flynn and O'Connell, Js.

Argued February 23—officially released July 24, 2001

*Gerald M. Beaudoin,* for the appellant (named plaintiff).

*Andrew J. O'Keefe,* with whom was *Joseph M. Busher, Jr.,* for the appellees (named defendant et al.).

*Opinion*

FLYNN, J. The plaintiff Yaroslava Rangel[1] appeals from the summary judgment rendered in favor of the

---

[1] The other plaintiff in this action is Emmanuel Rangel, the son of Yaroslava Rangel. Only Yaroslava Rangel has appealed from the judgment of the trial court. We therefore refer in this opinion to Yaroslava Rangel as the plaintiff.

defendants, Douglas Parkhurst and Judy Parkhurst.[2] On appeal, the plaintiff argues that the trial court improperly (1) granted the defendants' motion for summary judgment on the basis of its finding that the defendants were neither purveyors nor servers of alcohol to a minor and (2) determined that, as a matter of law, parents who know of and acquiesce in their minor child's storage of alcoholic beverages in their home are not liable for damages subsequently caused by the intoxicated minor. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the plaintiff's appeal. The plaintiff brought this action seeking damages for injuries that she and her son, Emmanuel Rangel, sustained in a two car accident involving the defendants' son, Michael Parkhurst (Michael). Michael was twenty years old at the time of the accident and, therefore, was not of legal drinking age. He had purchased beer from a package store two weeks prior to the accident. The defendants' home has two refrigerators. One is in the kitchen, and one is in the basement. Michael stored the beer in the basement refrigerator until the morning of the accident, when he removed it from his parents' home and engaged in a course of drinking and driving that culminated in the collision involving the plaintiff's automobile.

The plaintiff, in her revised complaint, alleged that Michael was a minor, age twenty, residing with his parents, the defendants. The plaintiff further alleged that (1) the defendants stored and made alcoholic beverages available to Michael, (2) the defendants knew or had reason to know that Michael's consumption of alcohol outside the home involved the use and operation of an automobile they had "assisted" in making available to him, and (3) on May 16, 1995, Michael

---

[2] In this opinion, we refer to Douglas Parkhurst and Judy Parkhurst, the only original defendants who are parties to this appeal, as the defendants.

removed substantially all of the alcoholic beverages from the defendants' basement refrigerator, and then, after drinking throughout the day and evening, operated his automobile. The plaintiff alleged that because Michael became impaired or intoxicated, his car collided with the plaintiff's car, causing the plaintiff personal injuries.

The plaintiff's complaint further alleges that the defendants were negligent in one or more of the following ways: "A. They stored and made available alcoholic beverages to their minor son; B. They assisted their minor son in obtaining and maintaining operation of an automobile when they knew or had reason to know he was operating same while impaired or intoxicated; C. They failed to instruct their minor son on the dangers of operating an automobile while impaired although they had ample opportunity to do so and had a special relationship enabling them to do so; D. They stored and made available alcoholic beverage to their minor son knowing or having reason to know he would be consuming same in public places; [and] E. The defendants delivered and gave alcohol to a minor for consumption at a time and place when said minor would not be accompanied by a parent or guardian, in violation of [General Statutes] § 30-86."[3]

---

[3] Because the issues on appeal arise from the court's granting of the defendants' motion for summary judgment, we discuss, in light of paragraphs A through E of the plaintiff's complaint, those specifications of negligence, and the content of the affidavits, counteraffidavits and other documentation filed in support of and in opposition to the motion for summary judgment.

First, despite the allegations of paragraphs A and D of the complaint, the uncontradicted portions of the affidavits filed by the defendants indicate that they did not purchase the beer about which the plaintiff complains, nor did they store it as the plaintiff alleges.

Second, it was not disputed before the court that Michael owned the automobile he was operating at the time of the collision with the plaintiff's automobile. Moreover, the plaintiff offered no evidence to establish that allegation, found in paragraph B of the complaint, that the defendants assisted Michael in obtaining and maintaining the operation of an automobile when they knew or had reason to know that he either was impaired or intoxicated at the time of the collision.

On October 27, 1997, the defendants filed a motion for summary judgment, contending that (1) they did not owe a duty to the plaintiff and (2) there was no basis on which to proceed against them on theories of negligent service of alcohol to a minor, and negligent entrustment of a motor vehicle or vicarious liability. On April 7, 1998, the court, *Martin, J.*, denied the motion, finding that "[a]n issue of material fact exists as to whether the defendants provided or made alcohol available to their minor child."

The defendants filed a renewed motion for summary judgment, dated March 15, 1999, which the court, *Parker, J.*, granted on December 7, 1999. In its memorandum of decision, the court found that "the [defendants'] knowledge of and/or acquiescence in Michael's storage of the beer in their home may be a fact issue which is genuinely in dispute. That fact is not a material fact." The court concluded that "the law is not as [the plaintiff] would have it; parents are not liable to third persons

Third, despite the allegations of paragraph C of the complaint, our law does not recognize a duty in connection with assisting others in initially purchasing or maintaining an automobile. The plaintiff's complaint does not allege that the defendants either owned or maintained the automobile as a family car under the family car doctrine. See General Statutes § 52-182. The defendants, therefore, could have no liability under that theory.

Fourth, despite the plaintiff's factual allegations in paragraph C of the complaint, there is no legal duty on the part of parents to third parties for failure to instruct a minor child about the dangers of motor vehicle operation while impaired. The duty, if any, that a parent or social host has arises not out of custodial control or the special relationship between parent and child, but from the negligent supplying of a substance to a class of persons who "are simply incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol." *Ely* v. *Murphy*, 207 Conn. 88, 94, 540 A.2d 54 (1988).

Last, it was not disputed that the defendants neither gave nor delivered alcohol to Michael, despite the plaintiff's contrary allegation in paragraph E of the complaint.

Consequently, the court was left with disputed evidence concerning the defendants' knowledge of or acquiescence in Michael's purchase of and subsequent storage of beer in their home.

even though they knew of and acquiesced in the minor child's keeping alcoholic beverages in their home." The court further concluded that "[i]n no sense can the [defendants] be considered to have supplied or purveyed the offending beer to Michael." The plaintiff thereafter appealed from the judgment of the court.

## I

The plaintiff first claims that the court improperly granted the defendants' motion for summary judgment on the basis of its findings that the defendants were not purveyors of alcohol nor had they served alcohol to a minor. The plaintiff argues that the defendants' conduct falls within the broad interpretation of purveyor as discussed by our Supreme Court in *Ely* v. *Murphy,* 207 Conn. 88, 540 A.2d 54 (1988), and *Bohan* v. *Last,* 236 Conn. 670, 674 A.2d 839 (1996), because the defendants "affirmatively acted" when they made alcohol available to Michael by allowing him to store beer in their basement refrigerator. We disagree.

"Our standard of review of a court's decision to grant a motion for summary judgment is well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . *Miller* v. *United Technologies Corp.,* 233 Conn. 732, 744–45, 660 A.2d 810 (1995). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . *Tarzia* v. *Great Atlantic & Pacific Tea Co.,* 52 Conn. App. 136, 145, 727 A.2d 219 (1999), appeal dismissed, 254 Conn. 786, 759 A.2d 502 (2000).

"On appeal, [w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law. . . . *Avon Meadow Condominium Assn., Inc.* v. *Bank of Boston Connecticut*, 50 Conn. App. 688, 693, 719 A.2d 66, cert. denied, 247 Conn. 946, 723 A.2d 320 (1998). . . . [O]ur review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record. . . . *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 229, 654 A.2d 342 (1995). On appeal, however, the burden is on the opposing party to demonstrate that the trial court's decision to grant the movant's summary judgment motion was clearly erroneous. *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 567, 636 A.2d 1377 (1994)." (Internal quotation marks omitted.) *Saunders* v. *Stigers*, 62 Conn. App. 138, 145–46, 773 A.2d 971 (2001).

To recover on a theory of negligence, the plaintiff must establish that the defendants owed a duty to her and breached that duty. See *Leavenworth* v. *Mathes*, 38 Conn. App. 476, 479, 661 A.2d 632 (1995). "The existence of a duty is a question of law. . . . Only if such a duty is found to exist does the trier of fact then determine whether the defendant[s] violated that duty in the particular situation at hand." (Citation omitted.) *Shore* v. *Stonington*, 187 Conn. 147, 151–52, 444 A.2d 1379 (1982).

Our Supreme Court in *Ely* v. *Murphy*, supra, 207 Conn. 89–90, addressed a situation in which parental social hosts actually provided alcohol to minors at a graduation "keg" party for a fee of $3. As a result, one of the minor guests, who was intoxicated, struck and killed another guest while driving his vehicle after leaving the party. Id., 90. The court concluded that "a social host or other purveyor of alcohol will be liable, to the minor served or to innocent third parties thereafter injured, if a court or a jury finds, as a matter of fact, a proximate cause relationship between the service of

alcohol and the damages ensuing from the minor's consumption of the alcohol."[4] *Bohan* v. *Last,* supra, 236 Conn. 677, citing *Ely* v. *Murphy,* supra, 97.

"At common law it was the general rule that no tort cause of action lay against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. The reason generally given for the rule was that the proximate cause of the intoxication was not the furnishing of the liquor, but the consumption of it by the purchaser or donee. The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it. . . . [See] 45 Am. Jur. 2d, Intoxicating Liquors §§ 553–55; 48 C.J.S., Intoxicating Liquors § 430; 75 A.L.R.2d 833. . . .

"The proposition that intoxication results from the voluntary conduct of the person who consumes intoxicating liquor assumes a knowing and intelligent exercise of choice, and for that reason is more applicable to adults than to minors." (Citation omitted.) *Ely* v. *Murphy,* supra, 207 Conn. 93.

The *Ely* court created a limited exception to the common-law rule that no cause of action in negligence arises from the furnishing of alcohol to intoxicated adults by holding that the consumption of alcohol by a minor does not "constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury." Id., 95. In breaking with the common-law rule, the exception cre-

---

[4] We note that the Webster Collegiate Dictionary (1999) defines "purvey" as "to supply usually as a matter of business." Black's Law Dictionary defines "supply" as "[t]o furnish with what is wanted . . . ." Black's Law Dictionary (6th Ed. 1990).

ated by the *Ely* court left in place the requirement that the host actually purvey or supply the alcohol consumed. It did not, however, carve out an exception for adults who were not social hosts and who did not purvey the alcohol.

In *Bohan*, the patrons of a bar bought alcohol for a minor who was present at the bar. The alcohol purveyed by the patrons caused the minor to become intoxicated. *Bohan* v. *Last*, supra, 236 Conn. 675. The minor subsequently drove a car, while still intoxicated, resulting in a collision and the death of his passenger. Id. Our Supreme Court reaffirmed the principle of *Ely* by stating that "[i]n appropriate circumstances, a purveyor of alcohol to a minor is liable *not because he has custodial control over, or a special relationship with, the minor, but because he has negligently [supplied] the minor with alcohol.*" (Emphasis added.) Id., 679. The court held that "it is appropriate to limit the common law liability of purveyors of alcohol to those who knew or had reason to know that they were making alcohol available to a minor." Id., 680. It further concluded that "[i]n appropriate circumstances, adults have a duty to refrain from negligently or intentionally supplying alcohol to minors, whether such adults act as social hosts in their homes or as purveyors in a bar, because minors are presumed not to have the capacity to understand fully the risks associated with intoxication." Id., 681.

In the present case, it is undisputed that Michael purchased the beer that he consumed on the date of the accident. Moreover, as the court determined in its memorandum of decision, there was uncontroverted evidence that the defendants "had neither stored and made available alcoholic beverages to their minor son nor delivered and gave alcohol to" him.[5] (Internal quota-

---

[5] The affidavits of both defendants state in relevant part:

"6. I did not make available any alcoholic liquor in a family refrigerator for my son Michael. . . .

"9. At no time did I store a case of alcoholic beverage for my son Michael

tion marks omitted.) Even if we assume arguendo that the defendants knew that their son was storing beer in the family refrigerator,[6] that fact is of no consequence because our case law does not impose liability on parents who know of and acquiesce in their minor child's storage of alcoholic beverages in their home. There is no evidence that the defendants supplied or purveyed beer to Michael. Unlike the defendants in *Ely* and *Bohan*, the defendants in this case were neither purveyors of alcohol nor social hosts. They owed no legal duty to the plaintiff. The plaintiff's claim is unenforceable as a matter of law. The court, therefore, properly rendered summary judgment in favor of the defendants on those facts.

## II

Citing *Cowart* v. *Grimaldi*, 46 Conn. Sup. 248, 746 A.2d 833 (1997), which relies on the substantial assis-

---

in the family refrigerator. . . .

"12. I did not deliver, give or purvey any alcohol to my minor son on the date of the subject accident."

In a March 4, 1999 deposition, Michael testified in relevant part as follows:

"Q. Did your parents ever purchase any alcohol for you to consume? Did they purchase any beer for you that you consumed on the day of your accident?

"A. No.

"Q. The alcohol that you drank on the day of your accident, was that alcohol that you had purchased for yourself at the Wells Fargo package store?

"A. Yes. . . .

"Q. Did [your parents] provide you or serve you or give to you any of the alcohol that you drank on the day of this accident?

"A. No."

[6] As to the issue of whether the defendants knew that Michael stored beer in the family refrigerator, the court discussed in its memorandum of decision Michael's testimony in a 1996 deposition in another action that the plaintiff brought against him. The court stated: "Michael's testimony in the 1996 deposition at least indicates his parents must have known he was keeping beer in the downstairs refrigerator. Whether his statements made in the 1996 deposition are sufficient to create a genuine issue of fact is problematic. Michael is not a party in this action. How, or whether, what he said in 1996 can be used substantively is a problem. However, for the purposes of this motion the court will assume that it is sufficient to create a genuine issue of fact."

tance doctrine in 4 Restatement (Second), Torts § 876 (1979),[7] the plaintiff next claims that the court improperly determined that, as a matter of law, parents who know of and acquiesce in their minor child's storage of alcoholic beverages in their home are not liable for damages caused by the intoxicated minor. We disagree.

Specifically, the plaintiff contends that social host liability extends to those who provide substantial assistance to a minor in the procurement of alcohol. Relying primarily on *Cowart*, the plaintiff argues that she has alleged affirmative acts by the defendants and that by those acts the defendants substantially assisted Michael in his negligent conduct. The plaintiff claims that the following are affirmative acts by the defendants: (1) their knowledge that their minor son stored beer in the refrigerator, (2) their failure to restrict his access to alcohol and (3) their warning against drinking in their house.

We first note that *Cowart* is not binding on this court. See *Peabody N.E., Inc.* v. *Dept. of Transportation*, 250 Conn. 105, 125, 735 A.2d 782 (1999). Furthermore, contrary to the plaintiff's contentions, *Cowart* is not analogous to the present case. In *Cowart*, the plaintiff alleged that one of the defendants had assisted the defendant driver, who was a minor, "by taking charge of him after he had become intoxicated at his place of employment. . . ." *Cowart* v. *Grimaldi*, supra, 46 Conn. Sup. 249. The plaintiff alleged that the defendant who took charge of the minor had driven him to the home of another

[7] Section 876 of 4 Restatement (Second), Torts (1979), provides: "Persons Acting in Concert. For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he (a) does a tortious act in concert with the other or pursuant to a common design with him, or (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person."

defendant "to enable and assist [the minor defendant] to consume additional intoxicating liquor" and subsequently drove him to his car, knowing that he was intoxicated, "thereby substantially assisting and encouraging him to operate his" car while intoxicated. Id. Citing § 876 of the Restatement, the court stated that "a person may be liable to a third person for the tortious conduct of another if he knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so conduct himself." (Internal quotation marks omitted.) Id., 251. Pursuant to the Restatement, liability may be imposed on a person who substantially enables an intoxicated person to become drunk and operate an automobile in that state. Consequently, the court held that the defendant who had taken charge of the minor defendant owed a legal duty to the plaintiff's decedent. Id., 252.

In contrast to *Cowart*, the affidavits in the present case do not show that the defendants substantially assisted or encouraged Michael in his negligent conduct by buying, providing or serving intoxicants to him, by enabling him to obtain more intoxicating liquor when they knew that he was drunk or by allowing him to enter an automobile to drive when they knew or should have known that he was intoxicated. The defendants did not substantially assist or encourage Michael in his negligent conduct. Even if the defendants knew of Michael's storage of alcohol in their house, our case law does not impose liability for such knowledge. Only when a person is a social host or other purveyor of alcohol to a minor can such a person be held liable and, then, only if there is a causal connection between that service and the damages resulting from the minor's consumption. *Bohan* v. *Last*, supra, 236 Conn. 681. Therefore, the court properly determined that parents are not liable to third persons even though they know of and acquiesce in their minor child's storage of alcoholic

beverages in their home. The plaintiff has not sustained her burden of showing that the court's decision to grant the defendants' motion for summary judgment was clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.