[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #112
 BACKGROUND
Presently before this court is the plaintiff's motion to strike the defendant's first, second, third, fourth, sixth, seventh, eighth, and ninth special defenses, and the defendant's objection thereto.[1] The plaintiff is Brighton Hove Mold, Ltd., a Connecticut corporation in the business of providing engineering services. The defendant is Marty Gilman, Inc., a Connecticut corporation in the business of developing and manufacturing sporting goods equipment.
On December 26, 2001, the plaintiff filed the operative one-count complaint against the defendant for breach of contract. The plaintiff alleges that on May 14, 2001, the parties entered into a contract in which the defendant agreed to pay for engineering services provided by the plaintiff in connection with a prototype of a "scrolldown," a motorized down-marker to be used in football games. The plaintiff further alleges that the defendant breached the contract by refusing to pay the contract balance of $44,447.85.
On July 5, 2002, the defendant filed an amended answer, nine special defenses, and a counterclaim. The plaintiff now moves to strike the defendant's first through fourth and sixth through ninth special defenses on the ground that each is legally insufficient because each fails to set forth facts as required by Practice Book § 10-50.[2] The plaintiff has also filed a memorandum of law in support of its motion. The defendant has filed an objection and memorandum in opposition thereto.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal Quotation Marks Omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999); see also Practice Book § 10-50. CT Page 16660
"A party wanting to contest the legal sufficiency of a special defense may do so by filing a motion to strike." (Internal quotation marks omitted.) Barasso v. Rear Still Road, LLC, 64 Conn. App. 9, 13,779 A.2d 198 (2001). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions
stated in the pleadings." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). Consequently, "[a] motion to strike is properly granted if the [challenged pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). In ruling on a motion to strike special defenses, a trial court is obligated "to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). Nevertheless, "[t]he burden of alleging recognizable special defenses . . . rests upon the defendant." Cowart v. Grimaldi,46 Conn. Sup. 248, 250, 746 A.2d 833 (1997).
 CONCLUSION
The plaintiff's motion to strike the defendant's first and ninth special defenses as neither pleads facts that are consistent with the allegations in the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action, is granted. Further, the plaintiff's motion to strike the defendant's second, third, fourth, sixth, seventh, and eighth special defenses as all allege mere conclusions of law and do not allege any facts, is granted.
HOLDEN, J.