[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #121
Before the court is the defendants' motion to strike counts two, four, and six from the amended complaint. The defendants' motion is denied as to counts two and six, and granted as to count four.
 FACTS
In an amended complaint filed on October 31, 2002, the plaintiff, Stefanie Thompson, alleges that she suffered injuries when the vehicle she was driving was struck from behind by a vehicle operated by the defendant Scott Arsenault and owned by the defendant Kimberly Sturges Arsenault. In count one of the complaint, the plaintiff alleges Mr. Arsenault committed eighteen negligent acts, including the negligent violation of General Statutes §§ 14-218a and 14-222; in count two, the plaintiff alleges that Mr. Arsenault recklessly violated §§ 14-218a and14-222. In counts four through six, the plaintiff alleges that Ms. Arsenault is liable for the actions of Mr. Arsenault as the owner of the vehicle. In counts three and four, the plaintiff alleges that Ms. Arsenault is vicariously liable for Mr. Arsenault's allegedly negligent and reckless acts under the Family Car doctrine, codified at General Statutes § 52-182. In counts five and six, the plaintiff alleges that an agency relationship exists between the defendants, and thus under General Statutes § 52-183, Ms. Arsenault is vicariously liable for Mr. Arsenault's allegedly negligent and reckless acts. Counts two, four, and six are brought pursuant to General Statutes § 14-295.
On November 19, 2002, the defendants filed a motion to strike counts two, four, and six of the amended complaint, accompanied by a memorandum of law in support. In their motion, the defendants move to strike count two because it does not support a claim of recklessness; counts four and six because §§ 52-182 and 52-183 do not provide a basis for the imposition of multiple damages pursuant to General Statutes § 14-295. The defendants also move to strike counts two, four, and six on the ground that the plaintiff may not request common law damages in addition CT Page 3994 to punitive damages under § 14-295. The defendants argue that count two contains virtually the same language as count one, which sounds in negligence, and that this language is not sufficient to support a claim for recklessness. As to counts four and six, the defendants argue that multiple damages may not be imposed vicariously under either the family car or agency doctrines. Finally, the defendants argue that because the plaintiff has requested relief under General Statutes § 14-295 in counts two, four, and six, a request for common law damages is improper, and the prayers for relief under those counts should be struck.
The plaintiff filed a memorandum in opposition to the defendants' motion to strike on November 26, 2002. The plaintiff argues that the amended complaint properly alleges a cause of action under § 14-295, and also argues that although there is a split among the superior courts as to the imposition of multiple damages for vicarious liability, the better-reasoned decisions favor the imposition of such damages. The defendants filed a reply to plaintiff's memorandum in opposition to the motion to strike on December 6, 2002.
 DISCUSSION
The defendants' motion to strike count two for failure to adequately plead recklessness was denied by the court, Hurley, J., on December 16, 2002. Therefore, this memorandum will address only the remaining arguments in the defendants' motion to strike.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309, 620 A.2d 181 (1993). "Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof."Pamela B. v. Ment, 244 Conn. 296, 325 n. 21, 709 A.2d 1089 (1998). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997).
Imposition of Multiple Damages for Vicarious Liability under § 52-182and 52-183
CT Page 3995
The defendants move to strike counts four and six on the ground that they are legally insufficient. The defendants argue that General Statutes § 14-295 does not permit the imposition of multiple damages upon defendants who are only vicariously liable. In support of their argument, the defendants note a split among superior courts that have faced the question of imposing multiple damages under General Statutes §§ 52-182 and 52-183 and argue against the imposition of these damages. The plaintiff concedes that there is a split in authority on this issue, but argues that the better-reasoned cases support the imposition of multiple damages under these statutes.
General Statutes § 52-182 provides, in relevant part: "Proof that the operator of a motor vehicle or a motorboat . . . was the husband . . . of the owner shall raise a presumption that such motor vehicle or motorboat was being operated as a family car or boat within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption." This agency concept is commonly known as the Family Car doctrine. Rangel v. Parkhurst,64 Conn. App. 372, 375 n. 3, 779 A.2d 1277 (2001). Section 52-182 "was enacted as an implementation to aid a plaintiff in his proof, where the operator and owner are of a certain designated relationship." (Internal quotation marks omitted.) Hunt v. Richter, 163 Conn. 84, 90, 302 A.2d 117
(1972).
In this court's research, only one case could be found in support of allowing multiple damages to be vicariously imposed on the owner of a car by operation of the Family Car doctrine. Santillo v. Arredono, Superior Court, judicial district of New Haven, Docket No. CV 00 0442323 (March 21, 2001, Blue, J.) (29 Conn.L.Rptr. 458). With this singular exception, "[t]he superior courts have uniformly determined that § 52-182 [the family car doctrine] does not allow the imposition of double and treble damages on the owner for the reckless conduct of the operator." Guerrerav. Hamzi et al., Superior Court, judicial district of Waterbury, Docket No. CV 96 0136344 (May 7, 1998, Kulawiz, J.). These courts have generally found that § 52-182 does not broaden the common law rule prohibiting the imposition of punitive damages upon defendants who are only vicariously liable, and that absent such an expansion, the common law standard should apply. Gregson v. Chiaranda, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 95 0327696 (November 22, 1996, Maiocco, J.). This court agrees with the vast majority of superior courts holding that § 52-182 does not permit the imposition of multiple damages under § 14-295 upon a defendant owner. Therefore, the defendants' motion to strike count four on this ground is granted. CT Page 3996
In contrast, General Statutes § 52-183 provides, in relevant part: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment." The statute also adds that this presumption may be rebutted by the defendant. General Statutes § 52-183.
There is a much greater degree of disagreement among the superior courts as to the imposition of multiple damages under this statute. Courts finding that punitive damages cannot be awarded under § 52-183
have held that, as in the case of § 52-182, the "legislature has not clearly stated its intent to abrogate the long standing common law rule against imposing vicarious liability for punitive damages." Colon v.SNET, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 01 0385673 (May 21, 2002, Gallagher, J.). Alternatively, those courts supporting the imposition of punitive damages under §52-183 have rested their conclusions on two alternative grounds. First, that § 52-183 raises a presumption that the owner is liable, which the defendant can rebut at trial. Prezioso v. Greater Bridgeport TransitAuthority, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 96 0337357 (December 24, 1997, Skolnick, J.) (21 Conn.L.Rptr. 274). Second, that the holding of Gionfriddo v. Avis Rent ACar System, Inc., 192 Conn. 280, 472 A.2d 306 (1984), allowing the imposition of multiple damages upon the lessor of a car who is vicariously liable for the reckless conduct of the operator, can be analogized to a case involving § 52-183. Welcome v.Ouellette-McGregor, Superior Court, judicial district of Hartford, Docket No. CV 01 0811039 (November 21, 2002, Hennessey, J.) (33 Conn.L.Rptr. 454). The majority of courts support the imposition of multiple damages under § 52-183.
This court has previously allowed claims against employers for double or treble damages under §§ 14-295 and 52-183. Johnson v. Campo, Superior Court, judicial district of New London, Docket No. 0553378 (July 25, 2000, Hurley, J.) (27 Conn.L.Rptr. 598). "The separate mention of negligence and recklessness in General Statutes § 52-183 supports an inference that the legislature anticipated employer liability for recklessness damages in addition to ordinary negligence damages. When it enacted the statute the legislature must be presumed to have been aware of the well established principle announced in Maisenbacker v. SocietyConcordia, . . . that there was no vicarious liability for reckless misconduct at common law . . . Thus for the legislature to have set up an evidentiary presumption in two distinct categories of cases, i.e., CT Page 3997 negligence and recklessness, without that constituting recognition of a cause of action for vicarious recklessness would be attributing to the legislature a useless act." (Citations omitted; internal quotation marks omitted.) Id.
Despite this court's holding that multiple damages may not be based on vicarious liability under § 52-182, this court sees no reason to stray from its previous holdings allowing the imposition of multiple damages under §§ 52-183 and 14-295. Although §§ 52-182 and 52-183
are similar, § 52-183 "differs markedly from [§ 52-182] in that it expressly contemplates the possibility that an action claiming reckless operation of a motor vehicle may be brought against an owner as well as an operator." Lockwood v. Gorski, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 93 0133909 (May 6, 1994, Mottolese, J.) (33 Conn.L.Rptr. 454). The defendants' motion to strike count six on this ground is denied.
 Common Law Punitive Damages and § 14-295
The defendants also move to strike the plaintiff's prayer for relief that correspond to counts two, four, and six on the ground that damages under § 14-295 cannot be recovered in addition to common law punitive damages. The plaintiff does not respond to this argument in his memorandum in opposition to the motion to strike. "It is well settled, however, that statutory multiple damages awarded pursuant to 14-295, while serving a similar punitive purpose . . . are separate and distinct from common law punitive damages and are awarded in addition thereto in appropriate cases." (Citations omitted.) Caulfield v. Amica Mutual Ins.Co., 31 Conn. App. 781, 786 n. 3, 627 A.2d 466 (1993), cert. denied,227 Conn. 913, 632 A.2d 688 (1993). The defendants' motion to strike the prayers for relief corresponding to counts two, four, and six is denied.
 CONCLUSION
The defendants' motion to strike count two for failure to state a legally sufficient cause of action was denied by the court. Hurley, J., on December 16, 2002. The defendants' motion to strike counts four and six on the ground that punitive damages pursuant to § 14-295 cannot be imposed vicariously under §§ 52-182 and 52-183 is granted as to count four, and denied as to count six. Finally, the defendants' motion to strike the prayers for relief contained in counts two, four, and six on the ground that punitive damages under § 14-295 cannot be imposed in conjunction with common law punitive damages is denied.
D. Michael Hurley, JTR CT Page 3998
[EDITORS' NOTE: This page is blank.] CT Page 3999