## JORDAN PIKE *v.* BLAKE BUGBEE ET AL.
### (AC 29552)

DiPentima, Robinson and West, Js.

Argued April 22—officially released July 21, 2009

*Juri E. Taalman*, with whom, on the brief, was *David W. Bush*, for the appellant (plaintiff).

*Christopher J. Sochacki*, with whom, on the brief, was *Peter J. Ponziani*, for the appellees (defendant William Bugbee et al.).

*Opinion*

ROBINSON, J. The plaintiff, Jordan Pike, appeals from the judgment of the trial court rendered in favor of the defendants[1] William H. Bugbee and Janet W. Bugbee following the granting of their motion to strike the thirteenth count of the complaint. On appeal, the plaintiff claims that the count was legally sufficient because (1) the defendants owed a duty of care to the plaintiff to protect social invitees on their premises from foreseeable harm, (2) the allegations provided a basis for a claim for parental liability pursuant to General Statutes § 52-572, (3) the allegations of scienter precluded the granting of the motion to strike and (4)

---

[1] The complaint alleged causes of action against several defendants, including Blake Bugbee, Christian Woodcock, Craig Blanchette and Ryan Eriksson. These defendants are not parties to the present appeal and will be referred to by name when necessary. For the purposes of our discussion, all references to the defendants are to William H. Bugbee and Janet W. Bugbee.

the court concluded improperly that liability did not extend to adults who did not take an active part in the procurement or purveyance of alcohol. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are necessary for our resolution of the plaintiff's appeal. Because the issues concern the granting of a motion to strike, we are limited to and must accept as true the following facts as alleged in the plaintiff's complaint. See *Waters* v. *Autuori*, 236 Conn. 820, 822, 676 A.2d 357 (1996). On July 26, 2005, while the defendants were not present, the defendants' son, Blake Bugbee, hosted a party at the defendants' residence. The plaintiff was an invited guest of the defendants' son. At the party, the plaintiff and fellow guests consumed alcohol or marijuana that had been provided by Blake Bugbee. Thereafter, at approximately 2:30 a.m., a fight ensued, resulting in the assault of the plaintiff by Blake Bugbee and other guests, including Christian Woodcock, Craig Blanchette and Ryan Eriksson. The plaintiff was stabbed in the abdomen and chest area and suffered significant physical injuries.

The plaintiff filed a fourteen count complaint on August 21, 2006. The only claim asserted against the defendants was count thirteen, which stated a claim sounding in negligence. On July 30, 2007, the defendants filed a motion to strike this count on the ground of legal insufficiency. The plaintiff filed an objection thereto on September 5, 2007. By way of a memorandum of decision, the court granted the defendants' motion to strike on October 30, 2007.[2] The plaintiff filed a motion for reargument and reconsideration, which was denied

---

[2] The court also granted the defendants' motion to strike was count one of a cross claim filed by Woodcock. As noted by the court, "[c]ount thirteen of the complaint and count one of the cross claim allege the same cause of action against the [defendants] for negligence, just with different victims." The motion to strike the cross claim is not an issue currently before us.

by the court on November 27, 2007. The plaintiff then filed a motion for judgment, which was granted by the court on December 20, 2007. This appeal followed. Additional facts will be set forth as necessary.

We begin our analysis by setting forth the applicable standard of review. "The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the [pleading] that has been stricken and we construe the [pleading] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) *Ameriquest Mortgage Co.* v. *Lax*, 113 Conn. App. 646, 649, 969 A.2d 177, cert. denied, 292 Conn. 907, 973 A.2d 103 (2009).

In the present case, the thirteenth count sounds in negligence; however, on review of the plaintiff's argument, we note that the plaintiff has intermingled several different bases for liability, asserting the court's failure to make specific findings relating to each individual basis. Specifically, the plaintiff asserts that he has alleged a legally sufficient cause of action for premises liability, parental liability and social host liability. Before analyzing the allegations of the complaint to determine if the facts alleged are sufficient to support each of these proposed claims, we find it useful to explore the general legal principles underlying a negligence claim.

"To prevail on a negligence claim, a plaintiff must establish that the defendant's conduct legally caused the injuries. . . . [L]egal cause is a hybrid construct, the result of balancing philosophic, pragmatic and moral approaches to causation. The first component of legal cause is causation in fact. Causation in fact is the

purest legal application of . . . legal cause. The test for cause in fact is, simply, would the injury have occurred were it not for the actor's conduct. . . .

"Because actual causation, in theory, is virtually limitless, the legal construct of proximate cause serves to establish how far down the causal continuum tortfeasors will be held liable for the consequences of their actions. . . . The fundamental inquiry of proximate cause is whether the harm that occurred was within the scope of foreseeable risk created by the defendant's negligent conduct. . . . In negligence cases . . . in which a tortfeasor's conduct is not the direct cause of the harm, the question of legal causation is practically indistinguishable from an analysis of the extent of the tortfeasor's duty to the plaintiff. . . .

"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . .

"A simple conclusion that the harm to the plaintiff was foreseeable, however, cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally foreseeable, yet for pragmatic reasons, no recovery is allowed. . . . A further inquiry must be made, for we recognize that duty is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection. . . . While it may

seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world." (Citations omitted; internal quotation marks omitted.) *Vaillancourt* v. *Latifi*, 81 Conn. App. 541, 546–47, 840 A.2d 1209 (2004).

With these legal principles in mind, we now turn to our review of the plaintiff's arguments in support of each basis of liability.

I

The plaintiff first argues that the court improperly found that the thirteenth count was legally insufficient because the risk of injury to him was foreseeable and the defendants owed him a duty of care as a social invitee on the premises. Accordingly, the plaintiff maintains that the count contained sufficient allegations to support a cause of action for premises liability. We decline to review the merits of this claim.

On review of the underlying pleadings, we note that the plaintiff consistently has blended his claims for liability at all stages of this proceeding and, as a result, has failed to present a cogent analysis in support of a premises liability claim in the underlying matter. In the plaintiff's memorandum of law in opposition to the defendants' motion to strike, the plaintiff argued that the defendants "were negligent and careless in that they failed to warn the plaintiff of the dangers associated with attending a party at their residence when they, as owners of the property, were not present." The accompanying legal analysis, however, does not provide any discussion of the parents' liability as homeowners; rather, the argument focuses on the defendants' relationship and control over their son as a purported minor child and on their alleged liability as social hosts. In the court's memorandum of decision granting the defendants' motion to strike, the court did not address the applicability of premises liability, and the plaintiff did

not seek articulation on this issue.[3] As it is the duty of the appellant to provide this court with a record adequate for review, it was the plaintiff's responsibility to seek an articulation from the court as to this issue.

"It is well established that [i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter. . . . In the absence of any such attempts, we decline to review this issue. . . . [T]his court may not surmise or speculate as to the reasons why the trial court granted the motion to strike . . . ." (Citations omitted; internal quotation marks omitted.) *Hollister* v. *Thomas*, 110 Conn. App. 692, 708, 955 A.2d 1212, cert. denied, 289 Conn. 956, 961 A.2d 419 (2008); see also Practice Book §§ 60-5 and 66-5. Accordingly, we decline to reach the issue of whether the court improperly failed to evaluate the thirteenth count as a claim sounding in premises liability.

II

The plaintiff next claims that the court improperly granted the motion to strike the thirteenth count because the allegations provided a legally sufficient basis for a claim under § 52-572, which sets forth a statutory basis for parental liability. We disagree.

---

[3] We acknowledge that the plaintiff did file a motion for reargument and reconsideration following the court's decision to grant the defendants' motion to strike. By way of this motion, however, the plaintiff sought reconsideration of the court's refusal to construe the pleadings broadly to infer the minority status of the plaintiff's alleged assailants, including the defendants' son. Moreover, the plaintiff specifically contested the court's failure to consider or to render a ruling on his claim that the complaint contained sufficient facts to support a claim for the defendants' statutory liability as parents pursuant to § 52-572. The plaintiff did not raise a similar argument regarding the court's failure to address the claim of premises liability.

Pursuant to § 52-572 (a): "The parent or parents or guardian . . . of any unemancipated minor or minors, which minor or minors wilfully or maliciously cause damage to any property or injury to any person . . . shall be jointly and severally liable with the minor or minors for the damage or injury to an amount not exceeding five thousand dollars, if the minor or minors would have been liable for the damage or injury if they had been adults." The plaintiff argues that he pleaded sufficient facts to pursue a cause of action against the defendants for the tortious acts of their son, Blake Bugbee.

Our review of the plaintiff's complaint reveals that the plaintiff does not reference § 52-572 specifically. Practice Book § 10-3 (a) provides: "When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number." Our Supreme Court has recognized, however, that, "[a]s long as the defendant is sufficiently apprised of the nature of the action . . . the failure to comply with the directive of Practice Book § 10-3 (a) will not bar recovery." (Internal quotation marks omitted.) *Caruso* v. *Bridgeport*, 285 Conn. 618, 628, 941 A.2d 266 (2008).

Notwithstanding the lack of a specific reference to § 52-572, the plaintiff's complaint suffers from a more significant deficiency; the minority status of Blake Bugbee is not alleged.[4] Although the plaintiff refers to Blake Bugbee as the defendants' minor son in subsequent filings, the question before us is whether the

---

[4] Although our review is bound by the facts alleged in the complaint, we do note that the plaintiff stated at oral argument that Blake Bugbee was nineteen years of age at the time of the incident. Therefore, while a nineteen year old is a minor for the purposes of consumption of alcohol; General Statutes § 30-1 (12); a nineteen year old would not be a minor for the purposes of § 52-572. See General Statutes § 1-1d.

complaint contains sufficient factual allegations to support the claim. Here, the complaint lacks a specific allegation of his age and does not reference the statute that would indicate the plaintiff's intention to allege the defendants' vicarious liability for the actions of their minor son.[5] Furthermore, even when the pleadings are construed broadly, the minority of Blake Bugbee is not a reasonable inference that can be derived from the facts alleged. The plaintiff's claim is, therefore, without merit.

## III

The plaintiff next argues that the court improperly concluded that although the harm to him was foreseeable, liability in this situation does not extend to adults who took no active part in the procurement or purveyance of alcohol. We disagree.

The common-law rule regarding social host liability in Connecticut states that "no tort cause of action [lies]

[5] The plaintiff argues that the court cannot consider his failure to allege the minority status of Blake Bugbee in the complaint because the defendants did not raise that issue in their motion to strike. The plaintiff does not provide any pertinent authority to support this proposition. Furthermore, we are not persuaded by the plaintiff's attempts to cast his claim as a chameleon, where the legal basis for the claim changes to survive any argument attacking the legal sufficiency of the claim.

It is a well established principle that Connecticut is a fact pleading jurisdiction. See Practice Book § 10-1. "Pleadings have an essential purpose in the judicial process. . . . The purpose of pleading is to apprise the court and opposing counsel of the issues to be tried . . . ." (Internal quotation marks omitted.) *Somers* v. *Chan*, 110 Conn. App. 511, 528, 955 A.2d 667 (2008). Although the court is required to read the pleadings broadly and in the light most favorable to sustaining the legal sufficiency of the claim, it cannot read additional allegations into the pleading, particularly when the allegation of Blake Bugbee's age is directly relevant to the plaintiff's purported claim.

Moreover, we note that our rules of practice allow a party to timely replead a claim that has been stricken, thereby providing a method for deficient pleadings to be remedied in the event that an alternative legal theory was not considered by the court when a motion to strike a claim for legal insufficiency is granted. See Practice Book § 10-44.

against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. The reason generally given for the rule was that the proximate cause of the intoxication was not the furnishing of the liquor, but the consumption of it by the purchaser or donee. The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it." (Internal quotation marks omitted.) *Rangel* v. *Parkhurst*, 64 Conn. App. 372, 379, 779 A.2d 1277 (2001).

In *Ely* v. *Murphy*, 207 Conn. 88, 540 A.2d 54 (1988), our Supreme Court recognized this common-law principle; however, the court then proceeded to carve out an exception for circumstances in which alcohol is furnished to a minor. The court noted that the "proposition that intoxication results from the voluntary conduct of the person who consumes intoxicating liquor assumes a knowing and intelligent exercise of choice, and for that reason is more applicable to adults than to minors." Id., 93. The court then recognized various legislative enactments that were indicative of "a continuing and growing public awareness and concern that children as a class are simply incompetent by reason of their youth and inexperience to deal responsibly with the effects of alcohol." Id., 94. Ultimately, the court concluded that "[i]n view of the legislative determination that minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so, logic dictates that their consumption of alcohol does not, as a matter of law, constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury." Id., 95.

In the present case, the plaintiff alleged that he was injured at a party where alcohol and marijuana were

supplied to minors. On appeal, he contends that he pleaded sufficient facts to establish that the defendants were, "under the circumstances, adults who were social hosts and who, through their son, who was acting as their agent and with their knowledge, purveyed alcohol to minors." On review of the complaint, we note, as the trial court did, that the plaintiff does not allege that the plaintiff or his assailants were minors. Instead, the thirteenth count alleges that "Blake Bugbee, Christian Woodcock, Craig Blanchette and/or Ryan Eriksson consumed a sufficient quantity of alcohol and/or marijuana to have become intoxicated and did in fact become intoxicated." The plaintiff further alleges that "at said time and place, while in an intoxicated condition, Blake Bugbee, Christian Woodcock, Craig Blanchette and/or Ryan Eriksson stabbed Jordan Pike . . . ." Significantly, the only references to minors in count thirteen included general allegations that the defendants "knew or should have known that when they were not present at the residence, their son, Blake Bugbee, held parties, which included individuals who were consuming alcohol and were not of legal age to consume alcohol . . . ." The plaintiff also alleged that Blake Bugbee provided alcohol "to individuals attending the party, including minors . . . ." Even when viewing the complaint broadly, the allegation that minors attended the party and were supplied alcohol does not in itself implicate the exception to the common-law principle limiting social host liability. In *Ely*, the court specifically acknowledged that the exception created by its analysis does not stand for the proposition that "the social host or other purveyor of alcohol is absolutely liable to the minor served or innocent third parties thereafter injured. Rather, the matter of proximate cause of the injury and ensuing damage becomes one of fact to be determined in each instance by the court or jury as the parties elect." *Ely* v. *Murphy*, supra, 207 Conn. 97.

As developed in our case law, the exception is intended to ensure that a social host or purveyor of alcohol remains liable to the minor served or to innocent third parties thereafter injured if the damages were proximately caused by the service of alcohol and the minor's consumption of it. See, e.g., *Rangel* v. *Parkhurst*, supra, 64 Conn. App. 379; *Bohan* v. *Last*, 236 Conn. 670, 677, 674 A.2d 839 (1996). Here, there were no allegations that the intoxicated individuals involved in the assault were minors, and, absent such an allegation, the plaintiff failed to assert sufficient facts to establish a basis for the defendants' liability. We need not determine whether the defendants were social hosts or purveyors of alcohol because the mere attendance of the party by minors is not itself, standing alone, indicative of the defendants' liability when there is no allegation that the resulting damage was caused by the intoxicated minor. We therefore conclude that the court properly granted the defendants' motion to strike.

IV

The plaintiff also argues that count thirteen contained sufficient allegations of the defendants' scienter to preclude the granting of the defendants' motion to strike. The specific allegation contained in paragraph 19d states: "[The defendants] failed to prevent their son, Blake Bugbee, from providing alcohol to individuals attending the party, including minors when they knew or should have known said individuals would become violent after the consumption of alcohol/drugs . . . ."

The plaintiff does not state specifically which claim is supported by this allegation. Furthermore, his contention that the existence of this allegation precludes the granting of a motion to strike is premised on a misreading of nonbinding authority.[6] Accordingly, we are not persuaded by this argument.

---

[6] In support of his argument, the plaintiff references a trial court decision, *Silk* v. *Gill*, Superior Court, judicial district of Litchfield, Docket No. CV-05-4002254-S (September 15, 2005) (*Bozzuto, J.*) (40 Conn. L. Rptr. 14),

The judgment is affirmed.

In this opinion the other judges concurred.

which addressed the liability of parents when their minor child hosted a party in their absence. Specifically, the plaintiff argues that the court in *Silk* "observed that the allegations of scienter by the parents in paragraph 8d of the complaint precluded the granting of a motion to strike that subparagraph and noted approvingly that the defendants' motion to strike in that case had specifically not been directed at paragraph 8d."

On review of the court's analysis, however, it is apparent that the plaintiff has misconstrued the court's holding. In *Silk*, the defendant did not move to strike the allegation that the parents knew or "should have known that their son would host a party where alcoholic beverages would be served" to minors; id., 17; and the court acknowledged that such an allegation implicates a different breach of a duty. This acknowledgment, however, does not stand for the proposition that a motion to strike would be inappropriate in any circumstance. Furthermore, we also note that the present matter is distinguishable from *Silk* because the plaintiff has failed to assert the minor status of himself or his purported assailants.