GLENN MOZELESKI *v.* FRANK THOMAS, JR., ET AL.
(AC 22558)

Lavery, C. J., and Flynn and West, Js.

Argued January 6—officially released April 15, 2003

*Jeffrey D. Cedarfield*, for the appellant (plaintiff).

*Peter J. Ponziani*, with whom, on the brief, was *Timothy S. Jajliardo*, for the appellee (named defendant).

*Andrew J. O'Keefe*, with whom were *Joseph M. Busher, Jr.*, and, on the brief, *Peter K. O'Keefe*, for the appellee (defendant Robert Hall).

*Opinion*

LAVERY, C. J. In this negligence action, the plaintiff, Glenn Mozeleski, appeals from the summary judgment rendered by the trial court in favor of the defendants, Robert Hall and Frank Thomas. On appeal, the plaintiff claims that the court improperly determined, as a matter of law, that neither defendant owed a legal duty to the plaintiff because a genuine issue of material fact existed as to whether either defendant controlled the premises on which the plaintiff was injured. We affirm the judgment of the trial court.

The pleadings, affidavits and other documentary information presented to the court reveal the following facts. The plaintiff claims that on July 29, 1996, while performing masonry work at a residential construction site, he suffered serious physical injuries as a result of his falling approximately thirty feet off scaffolding owned by Thomas. At that time, Hall was the owner of the premises at 410 East Wakefield Boulevard in Winsted, and Thomas was an independent contractor hired by Hall to perform carpentry work on the residence that was being constructed on the premises.

On the weekend prior to the accident, while neither defendant was present at the work site, the plaintiff and his employee, Michael Lynehan, erected Thomas'

scaffolding to complete the masonry work on a chimney and fireplace that Hall had hired the plaintiff to build.[1] The scaffolding is erected by stacking "stages" or sections on top of each other. When stacked properly, the stages form a ladder on one side of the scaffolding that is used to climb up and down the structure. The plaintiff and Lynehan stacked an upper stage backward, thereby creating a hole in the ladder. The plaintiff alleges that he was injured when he fell through that hole.

On December 3, 1999, the plaintiff filed a four count amended complaint against the defendants, alleging negligence and violation of the federal Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 et seq. On January 29, 2001, the court, on a motion to strike filed by Hall, ruled that "OSHA violations may be evidence of a standard of care, but do not establish a separate cause of action." Thereafter, both defendants filed a motion for summary judgment on the remaining counts on the ground that they did not owe a legal duty of care to the plaintiff. On September 12, 2001, the court granted both motions for summary judgment and rendered judgment for the defendants. This appeal followed. Additional facts will be set forth as necessary.

Initially, we set forth the applicable standard of review. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has

---

[1] Thomas gave the plaintiff permission to use his scaffolding.

the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) *H.O.R.S.E. of Connecticut, Inc.* v. *Washington*, 258 Conn. 553, 558–59, 783 A.2d 993 (2001).

"It is not enough . . . for the opposing party merely to assert the existence of such a disputed issue." (Internal quotation marks omitted.) *Buell Industries, Inc.* v. *Greater New York Mutual Ins. Co.*, 259 Conn. 527, 550, 791 A.2d 489 (2002). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) *Pion* v. *Southern New England Telephone Co.*, 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Internal quotation marks omitted.) *2830 Whitney Avenue Corp.* v. *Heritage Canal Development Associates, Inc.*, 33 Conn. App. 563, 569, 636 A.2d 1377 (1994). When a party files a motion for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." *Heyman Associates No. 1* v. *Ins. Co. of Pennsylvania*, 231 Conn. 756, 795, 653 A.2d 122 (1995).

Finally, "[t]he issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." *Pion* v. *Southern New England Telephone Co.*, supra, 44 Conn. App. 660. "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff

cannot recover in negligence from the defendant." (Internal quotation marks omitted.) *Maffucci* v. *Royal Park Ltd. Partnership*, 243 Conn. 552, 567, 707 A.2d 15 (1998). "Because the trial court rendered judgment for the [defendants] as a matter of law, our review is plenary and we must decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Massad* v. *Eastern Connecticut Cable Television, Inc.*, 70 Conn. App. 635, 638, 801 A.2d 813, cert. denied, 261 Conn. 926, 806 A.2d 1060 (2002).

I

The plaintiff first claims that the court improperly determined, as a matter of law, that Hall did not owe a legal duty to the plaintiff because a genuine issue of material fact existed as to whether Hall controlled the premises on which the plaintiff was injured. Specifically, he argues that Hall, as the owner of the premises, owed the plaintiff, an independent contractor, a legal duty to ensure the safety of the work site, including the scaffolding, because Hall retained control over the premises.

"[A]n independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." (Internal quotation marks omitted.) *Darling* v. *Burrone Bros., Inc.*, 162 Conn. 187, 195, 292 A.2d 912 (1972). "The general rule is that where the owner of premises employs an independent contractor to perform work on them, the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work. . . . The basic premise is that the assumption and exercise of control over the offending area is deemed to be in the independent contractor." (Citations omitted.) Id., 196. "The

explanation for [this rule] most commonly given is that, since the [owner] has no power of control over the manner in which the work is to be done by the contractor, it is to be regarded as the contractor's own enterprise, and [the contractor], rather than the [owner], is the proper party to be charged with the responsibility of preventing the risk, and bearing and distributing it. 2 Restatement (Second), [Torts] § 409, comment (b) [p. 370 (1965)]." (Internal quotation marks omitted.) *Pelletier* v. *Sordoni/Skanska Construction Co.*, 262 Conn. 372, 379–80, 815 A.2d 82 (2003).

Exceptions to that rule arise when "the employer retains control of the premises or supervises the work of the contractor, or where the work to be performed by the contractor is inherently dangerous, or where the employer has a nondelegable duty to take safety precautions imposed by statute or regulation . . . ." *Ray* v. *Schneider*, 16 Conn. App. 660, 664, 548 A.2d 461, cert. denied, 209 Conn. 822, 551 A.2d 756 (1988).

In the present case, Hall submitted an affidavit in support of his motion for summary judgment in which he stated, inter alia, that (1) the plaintiff controlled the means and methods of his own work, (2) Hall did not represent himself to the plaintiff as a "masonry supervisor," (3) Hall did not own or erect the scaffolding, (4) Hall was not present when the plaintiff erected the scaffolding and (5) the plaintiff did not ask Hall to provide scaffolding, a fall arrest system or guardrails. Those facts are undisputed and establish that at the time of the incident, the plaintiff was acting as an independent contractor[2] and that Hall did not exercise control over the offending area where the plaintiff was injured, namely, the scaffolding.

---

[2] We note that the plaintiff's status as an independent contractor is reinforced by the plaintiff's answers to interrogatories in which he claims that he was self-employed at the time of the incident.

The plaintiff did not file a counteraffidavit or any other supporting documents to contradict Hall's affidavit. "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) *Pion* v. *Southern New England Telephone Co.*, supra, 44 Conn. App. 663. "Mere statements of legal conclusions or that an issue of fact does exist are not sufficient to raise the issue." *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 377, 260 A.2d 596 (1969). Although the plaintiff claims that Hall retained control over the construction site, the mere fact that Hall observed the progress of the work is not sufficient to establish control. The owner may exercise a limited degree of control or give the contractor instructions on minor details without destroying the independent character of the contractor. See *Darling* v. *Burrone Bros., Inc.*, supra, 162 Conn. 193–95; *Welz* v. *Manzillo*, 113 Conn. 674, 679–80, 155 A. 841 (1931); 2 Restatement (Second), supra, § 414, comment (c), p. 388.

Moreover, it is undisputed that the plaintiff fell off the scaffolding and was injured because he himself constructed it incorrectly. Although the exceptions to the general rule of nonliability of an owner of premises for the torts of its independent contractor inure to the benefit of innocent third parties, those exceptions do not inure to the benefit of an independent contractor, such as the plaintiff, who is injured primarily because of his negligence or the negligence of those he employed. See, e.g., *Pelletier* v. *Sordoni/Skanska Construction Co.*, supra, 262 Conn. 380–84; *Ray* v. *Schneider*, supra, 16 Conn. App. 663–65; 2 Restatement (Second), supra, §§ 409, 414 and 422.

We conclude that the court properly granted Hall's motion for summary judgment because Hall did not owe a legal duty to the plaintiff at the time of the alleged

injury, and, therefore, Hall was entitled to judgment as a matter of law.

## II

The plaintiff also claims that the court improperly determined, as a matter of law, that Thomas did not owe a legal duty to the plaintiff because a genuine issue of material fact existed as to whether Thomas controlled the premises on which the plaintiff was injured. Specifically, he argues that Thomas was the general contractor at the work site and owed the plaintiff a legal duty to ensure the safety of the work site, including the scaffolding, because Thomas controlled the premises.

The legal responsibility for maintaining premises in a reasonably safe condition depends on who has possession and control of those premises. *LaFlamme* v. *Dallessio*, 261 Conn. 247, 251, 802 A.2d 63 (2002). "The word control has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Internal quotation marks omitted.) *Doty* v. *Shawmut Bank*, 58 Conn. App. 427, 432, 755 A.2d 219 (2000). "Where the evidence is such that the minds of fair and reasonable persons could reach but one conclusion as to the identity of the person exercising control, the question is one for the court . . . ." *Darling* v. *Burrone Bros., Inc.*, supra, 162 Conn. 192.

In the present case, Thomas submitted an affidavit in support of his motion for summary judgment in which he stated that he was not the general contractor at the work site and had no control over the plaintiff or any of the other contractors or their work.[3] The plaintiff

---

[3] Thomas' affidavit states in relevant part:

"1. I introduced the plaintiff to the defendant, Robert Hall.

"2. I was not a general contractor for any work performed [at the work site].

"3. I did not hire [the] plaintiff or contract with [the] plaintiff to perform

neither filed a counteraffidavit nor any other supporting documents to contradict Thomas' affidavit. Although it is undisputed that the scaffolding belonged to Thomas, it also is undisputed that the plaintiff and his employee erected the scaffolding and utilized it while Thomas was not present on the premises.[4] Because the plaintiff did not provide any evidence to counter Thomas' affidavit in which he stated that he did not possess and control the premises or the scaffolding at the time of the incident, the plaintiff's claim must fail. See *Fernandez* v. *Estate of Ayers*, 56 Conn. App. 332, 335–36, 742 A.2d 836 (2000).

We conclude that the court properly granted Thomas' motion for summary judgment because Thomas did not owe a legal duty to the plaintiff at the time of his alleged injury, and, therefore, Thomas was entitled to judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.

---

work on the job.

"4. I did not hire any subcontractors for work on the job.

"5. I did not determine [the] plaintiff's wage or salary or pay [the] plaintiff for his [work.]

"6. I did not coordinate the work of any contractors.

"7. I did not oversee or supervise any of [the] plaintiff's work.

"8. I did not supply the masonry materials [to the plaintiff].

"9. I did not have the authority to accept or reject [the] plaintiff's work.

"10. The plaintiff erected the scaffolding on a weekend while to my knowledge no one else was present.

"11. Fall arrest systems can be purchased independently and need not be purchased with scaffolding.

"12. I was not aware that [the] plaintiff was not utilizing a fall arrest system.

"13. [The] plaintiff did not request a fall arrest system [from Thomas]."

[4] We agree with the court's finding that "the fact that Thomas may have given the plaintiff permission to use the scaffolding [was] not a material fact of consequence to this motion."