# FREDERICK VITALE, ADMINISTRATOR (ESTATE OF TREVOR B. VITALE), ET AL. *v.* STEVEN KOWAL ET AL.
## (AC 27469)

Flynn, C. J., and Schaller and Gruendel, Js.

Argued March 12—officially released June 12, 2007

*Norman J. Voog*, for the appellants (plaintiffs).

*John M. Rowan*, for the appellee (defendant Kevin Gonzalez).

FLYNN, C. J. The plaintiff, Frederick Vitale, on his own behalf and as administrator of the estate of Trevor Vitale, his deceased son,[1] appeals from the summary judgment rendered by the trial court in favor of the defendant Kevin Gonzalez[2] in this action for monetary damages, which the plaintiff claims were incurred as a result of Trevor Vitale's losing control of and crashing his automobile, tragically resulting in his death, after allegedly consuming alcohol with the defendant and Steven Kowal. The claims against the defendant sound in negligence and recklessness. On appeal, the plaintiff claims that the court improperly rendered summary judgment in favor of the defendant after concluding that the defendant owed no legal duty to Trevor Vitale. We affirm the judgment of the trial court.

The trial court, viewing the evidence submitted in the light most favorable to the defendant, set forth the following facts. "The [plaintiff's] claim for damages arises out of an automobile accident which . . . occurred in the early morning hours, on September 5, 2000, on Interstate Route 84 in Southington. On that

[1] Frederick Vitale brought this action individually and as administrator of the estate of his son. The term "plaintiff" is used in this opinion to refer to him in both capacities.

[2] The complaint was brought in six counts. Counts one through four were brought against Steven Kowal and Michael Kowal. Counts five and six were brought against Gonzalez. In addition to rendering summary judgment in favor of Gonzalez, the court rendered summary judgment in favor of Michael Kowal on counts one and two but denied summary judgment on count three. Summary judgment was not requested on count four. It is unclear from the court's memorandum of decision whether it rendered summary judgment in favor of Steven Kowal on count two. On page ten of the court's memorandum of decision, the court stated that Steven Kowal's motion for summary judgment was granted as to count two, but on page thirteen of that decision, the court stated that it was denying the motion in its entirety as to Steven Kowal. The court's partial summary judgments as to Michael Kowal and Steven Kowal are not before us, however, in this appeal. Accordingly, in this opinion, we refer only to Gonzalez as the defendant.

date, the plaintiff's decedent, Trevor Vitale, while intoxicated, allegedly lost control of the automobile he was operating, ran off the highway, crashed and was killed. The accident occurred a short time after Trevor Vitale, who was nineteen years old, and . . . Steven Kowal and the defendant had been drinking beer in a dormitory room at Central Connecticut State University (Central)."

The court further found: "Steven Kowal, age nineteen, and Trevor Vitale, age nineteen, were close friends, having attended and graduated from high school together. [The defendant], age twenty, was also a friend of Trevor Vitale and Steven Kowal. Steven Kowal and [the defendant] were to be roommates at Central for the year commencing in September, 2000. [The defendant], who was a freshman, had moved into the room before Steven Kowal. On September 4, 2000, during the afternoon, Steven Kowal arrived at the room with his father, Michael Kowal. The Kowals moved Steven Kowal's belongings into the room. One of the items was a small refrigerator owned by Steven Kowal. There was no alcohol in the room at that time. Michael Kowal left the room in the late afternoon and did not return. Shortly after his father left, Steven Kowal went down to his car and removed a thirty can package of beer from the trunk, which beer he had purchased previously. Michael Kowal did not know that Steven Kowal had the beer in his trunk. Steven Kowal then carried the beer up to his room and put it in his refrigerator. Steven Kowal and [the defendant] began to drink the beer that was in the refrigerator. Trevor Vitale, having been invited previously by Steven Kowal, arrived at the room during the evening. [The defendant] did not invite Trevor Vitale to the room, nor did he know that Steven Kowal had invited him. Thereafter, all three drank the beer that was in the refrigerator. Steven Kowal and [the defendant] did not assist Trevor Vitale in removing any beer

from the refrigerator and did not physically hand over any beer to Trevor Vitale. When any one of the three wished to have another beer, he would get up and remove it from the refrigerator. The only beer in the room was the beer purchased by Steven Kowal. Central had a rule prohibiting alcohol from being in the dormitory where Steven Kowal and [the defendant] were living. Trevor Vitale became intoxicated as a result of drinking the beer that was in the refrigerator. Trevor Vitale left the room close to midnight and, while driving his car on Interstate Route 84, ran off the road as a result of his intoxication and was killed."

In considering the merits of the motion for summary judgment filed by the defendant, the court held: "[T]he evidence before the court is that [the defendant] did not invite Trevor Vitale to the room and did not know that Steven Kowal had invited him, that he did not own the beer or the refrigerator, that he did not purchase or bring any alcohol into the dormitory room, that he did not put the beer in the refrigerator, that he did not serve or give any beer to Trevor Vitale, and there is no evidence that he actively encouraged Trevor Vitale to drink the beer. [The defendant] was not the social host on that occasion. Under the facts presented, [the defendant] owed no legal duty, as claimed by the plaintiff in the fifth and sixth counts, to Trevor Vitale, and cannot be held liable for the damages claimed in the revised complaint." On this basis, the court granted the defendant's motion for summary judgment. This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the motion for summary judgment after concluding that the defendant owed no legal duty to Trevor Vitale. The plaintiff argues that there were issues of material fact in dispute and that this case was inappropriate for summary judgment. He argues that although the court found that the plaintiff had provided

no evidence to support a conclusion that the defendant had provided any alcohol to the decedent, such a factual determination should have been left for the jury. Additionally, as to the court's determination that the defendant owed no legal duty to the decedent, the plaintiff argues that, even if the defendant did not provide alcohol to Trevor Vitale, because the dormitory room, at least in part, was under the control of the defendant and the defendant actively participated in the evening events, he did owe a legal duty to the decedent as a social host. We conclude that, on the basis of the state of the law as it existed in 2000, the trial court properly rendered summary judgment in favor of the defendant.[3]

"The law governing summary judgment and the accompanying standard of review are well settled. Practice Book § [17-49] requires that judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A material fact is a fact that will make a difference in the result of the case. . . . The facts at issue are those alleged in the pleadings. . . .

---

[3] After several years of considering various bills related to this very issue, the legislature in 2006 passed Public Acts 2006, No. 06-112, § 1, which amended General Statutes § 30-89 as follows: "1. . . . (Effective October 1, 2006) (a) No person having possession of, or exercising dominion and control over, any dwelling unit or private property shall (1) knowingly permit any minor to possess alcoholic liquor in violation of subsection (b) of section 30-89 of the general statutes, as amended by this act, in such dwelling unit or on such private property, or (2) knowing that any minor possesses alcoholic liquor in violation of subsection (b) of section 30-89 of the general statutes, as amended by this act, in such dwelling unit or on such private property, fail to make reasonable efforts to halt such possession. For the purposes of this subsection, 'minor' means a person under twenty-one years of age.

"(b) Any person who violates the provisions of subsection (a) of this section shall, for a first offense, have committed an infraction and, for any subsequent offense, be fined not more than five hundred dollars or imprisoned not more than one year, or both."

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . .

"It is frequently stated in Connecticut's case law that, pursuant to Practice Book §§ 17-45 and 17-46, a party opposing a summary judgment motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . [T]ypically, [d]emonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . Moreover, [t]o establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact. . . .

"An important exception exists, however, to the general rule that a party opposing summary judgment must provide evidentiary support for its opposition, and that exception has been articulated in our jurisprudence with less frequency than has the general rule. On a motion by [the] defendant for summary judgment, the

burden is on [the] defendant to negate each claim as framed by the complaint . . . . It necessarily follows that it is only [o]nce [the] defendant's burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the] plaintiff to show that a genuine issue of fact exists justifying a trial. . . . Accordingly, [w]hen documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue." (Citations omitted; internal quotation marks omitted.) *Rockwell* v. *Quintner*, 96 Conn. App. 221, 227–30, 899 A.2d 738, cert. denied, 280 Conn. 917, 908 A.2d 538 (2006). On appeal, our review of the court's decision to grant a motion for summary judgment is plenary. *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 450, 820 A.2d 258 (2003).

The plaintiff's claims against the defendant sounded in negligence and recklessness. More specifically, the plaintiff alleged in count five of the complaint that the defendant negligently and carelessly provided alcohol and a safe place to consume alcohol to Trevor Vitale, which ultimately resulted in his untimely death after he lost control of his automobile. In count six, the plaintiff alleged that the defendant provided a safe place for Trevor Vitale to consume alcohol, participated in drinking activities with Trevor Vitale, encouraged his drinking and failed to restrict his consumption, which ultimately resulted in his untimely death. The plaintiff alleged that the defendant's behavior was "deliberate, wanton and reckless" and that it was in violation of General Statutes (Rev. to 1999) § 30-86.[4]

---

[4] General Statutes (Rev. to 1999) § 30-86 provides in relevant part: "Any permittee who, by himself, his servant or agent, sells or delivers alcoholic liquor to any minor, or to any intoxicated person . . . shall be subject to the penalties of section 30-113. . . ."

General Statutes (Rev. to 1999) § 30-1 (12) defines "minor" as "any person under twenty-one years of age."

Unlike General Statutes § 30-102, our Dram Shop Act, the statutory prohibition against serving alcohol contained in § 30-86, which the plaintiff invokes, does not authorize a private cause of action for damages. Thus, the plaintiff's action is necessarily at common law. See *Boehm* v. *Kish*, 201 Conn. 385, 389, 517 A.2d 624 (1986). "Our Supreme Court has addressed the relationship between common-law negligence and this very statutory prohibition [found at § 30-86]. In *Bohan* v. *Last*, 236 Conn. 670, 680, 674 A.2d 839 (1996), the court held that, despite the statute, 'the common law liability of purveyors of alcohol [is limited] to those who knew or had reason to know that *they were making* alcohol available to a minor.' That holding was . . . reaffirmed in *Craig* v. *Driscoll*, 262 Conn. 312, 339, 813 A.2d 1003 (2003), which held that a person *who provides* alcohol to someone who should not have been served bears legal responsibility for 'a reasonably foreseeable risk of injury' arising out of the improper service." (Emphasis added.) *Hayes* v. *Caspers, Ltd.*, 90 Conn. App. 781, 787, 881 A.2d 428, cert. denied, 276 Conn. 915, 888 A.2d 84 (2005).

"To recover on a theory of negligence, the plaintiff must establish that the [defendant] owed a duty to [the injured person] and breached that duty. . . . The existence of a duty is a question of law. . . . Only if such a duty is found to exist does the trier of fact then determine whether the [defendant] violated that duty in the particular situation at hand." (Citation omitted; internal quotation marks omitted.) *Rangel* v. *Parkhurst*, 64 Conn. App. 372, 378, 779 A.2d 1277 (2001).

"[A] count based on reckless and wanton misconduct must, like an action in negligence, allege some duty running from the defendant to the plaintiff." *Sheiman* v. *Lafayette Bank & Trust Co.*, 4 Conn. App. 39, 46, 492 A.2d 219 (1985). In order to establish that the conduct of a defendant, who was under such a duty, was deliberate,

wanton and reckless, "the plaintiff must prove . . . the existence of a state of consciousness with reference to the consequences of one's acts . . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) *Elliott* v. *Waterbury*, 245 Conn. 385, 415, 715 A.2d 27 (1998).

In his motion for summary judgment, the defendant argued that the plaintiff had not alleged nor could he provide any evidence to support the existence of a legal duty owed by the defendant to Trevor Vitale. In contrast, he further argued, he had submitted uncontroverted evidence that he had not given alcohol to Trevor Vitale, nor encouraged Trevor Vitale to consume alcohol, nor did he have any alcohol of his own in the dormitory room, nor had he invited Trevor Vitale to the dormitory room that evening. Accordingly, he argued, the plaintiff could not prove that he owed a duty to Trevor Vitale. The plaintiff argued, as he does on appeal, that this issue should have been left for the jury. The existence of a legal duty, however, is a question of law, and, in granting the motion for summary judgment, the court agreed with the defendant, finding that there was no evidence to support any other legal conclusion. We agree.

The plaintiff's position is that the defendant and Steven Kowal cannot be believed, and, therefore, the court should not have granted summary judgment because

the plaintiff *had alleged facts* that were contrary to the testimony or affidavits of the defendant and Kowal. He argues that it is likely that the jury would have disbelieved the testimony of the defendant and Steven Kowal because of their lack of credibility. Even if this were true, however, it is axiomatic that the jury could not have found in favor of the plaintiff simply on the basis of the allegations contained in the complaint without evidence to support such allegations. The mere disbelief of some evidence or testimony does not prove the contrary to be true. See *State* v. *Mayell,* 163 Conn. 419, 426–27, 311 A.2d 60 (1972); *State* v. *Smalls,* 78 Conn. App. 535, 545, 827 A.2d 784, cert. denied, 266 Conn. 931, 837 A.2d 806 (2003); *State* v. *Stewart,* 77 Conn. App. 393, 400, 823 A.2d 392, cert. denied, 265 Conn. 906, 831 A.2d 253 (2003).

As our Supreme Court explained in *State* v. *Mayell,* supra, 163 Conn. 426–27, a case in which "[t]he state heavily relie[d] on the right of the jury to find the evidence offered by the defendant to be a fantastic and obviously concocted story which attempted to fabricate an alibi . . . [i]t is apparent that the jury could . . . find [the defendant's evidence to be a fabrication, but] [e]ven assuming . . . that the jury rejected all of the evidence which the defendant offered, the jury would not have been entitled to make an affirmative finding to the contrary." See also *Burritt Mutual Savings Bank* v. *New Britain,* 146 Conn. 669, 680, 154 A.2d 608 (1959) ("[t]he [trier], of course, was not required to give credence to the testimony of the defendant's expert . . . [b]ut its failure to accept his testimony would furnish no support for a contrary finding"); *Walkinshaw* v. *O'Brien,* 130 Conn. 151, 153, 32 A.2d 639 (1943) ("trial court . . . fell into the error of finding certain facts because it disbelieved testimony that the opposite was true").

In this case, the evidence offered in support of the defendant's motion for summary judgment tended to prove that the defendant did not owe a duty to Trevor Vitale because the defendant had not invited Trevor Vitale to his dormitory room that evening, he did not know that Trevor Vitale had been invited to the dormitory room, he did not bring alcohol to the dormitory room that evening, he did not retrieve alcohol from the refrigerator for Trevor Vitale, and he did not provide or serve alcohol to Trevor Vitale that evening. The plaintiff offered no evidence to contradict the defendant's evidence. Accordingly, even if we were to agree that it was likely that the jury would not have believed some or all of the evidence submitted by the defendant, the jury could not have found the opposite to be true simply on the basis of this disbelief.

The judgment is affirmed.

In this opinion the other judges concurred.