### AMI LACHOWICZ *v.* MATTHEW RUGENS*

Superior Court, Judicial District of Litchfield
File No. CV-07-5001968-S

Memorandum filed February 3, 2009

*Anthony V. Federice,* for the plaintiff.

*Peter D. Clark,* for the defendant.

---

* Affirmed. *Lachowicz* v. *Rugens,* 119 Conn. App. 866, 989 A.2d 651 (2010).

GINOCCHIO, J. This opinion addresses the defendant's motion for summary judgment. For the reasons that follow, the motion is granted.

## I

## FACTS

On April 23, 2007, the plaintiff Ami Lachowicz commenced this action by service of process on the defendant, Matthew Rugens.[1] In her single count, revised complaint dated June 19, 2007, the plaintiff asserts that she was a member of the New Hartford volunteer fire department. The plaintiff alleges that on or about June 12, 2005, she fell from a fire truck that she was attempting to board. At the time of the plaintiff's alleged fall, the defendant was "in the driver's seat of [the] fire truck . . . ." The plaintiff asserts that her fall from the fire truck was "caused by the carelessness and negligence of the [d]efendant . . . ." Specifically, the plaintiff claims that the defendant "negligently operated said vehicle by turning on the vehicle before allowing the [p]laintiff to safely enter into the vehicle and as a result, the vibration of the vehicle caused her to fall off the vehicle while attempting to climb into said vehicle." The basis of the plaintiff's negligence claim is that the defendant should have permitted her to climb onto the fire truck before he turned on the truck's ignition. On September 11, 2008, the defendant filed a motion for summary judgment as to the entire revised complaint with a memorandum of law. On October 28, 2008, the plaintiff filed her objection to the motion with a memorandum of law. The matter was heard at the short calendar on November 10, 2008.

---

[1] On May 24, 2007, the town of New Hartford filed an intervening complaint against the defendant. On June 28, 2007, the town of New Hartford filed a revised intervening complaint against the defendant. For purposes of this motion, the court uses the term plaintiff to refer to Lachowicz, and the town of New Hartford's intervening complaints are not addressed.

## II

## DISCUSSION

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 599–600, 922 A.2d 1073 (2007). "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue.

Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]." (Internal quotation marks omitted.) *Zielinski* v. *Kotsoris*, 279 Conn. 312, 318–19, 901 A.2d 1207 (2006).

The defendant moves for summary judgment as to the entire revised complaint on the grounds that there is no genuine issue of material fact and that "the starting of the fire rescue truck prior to the plaintiff getting into the vehicle cannot be considered negligent as a matter of law." In support of his motion, the defendant submits his affidavit, a copy of the deposition of Robert Cataldi, a former member of the New Hartford volunteer fire department, a copy of the deposition of the plaintiff and case law. The plaintiff counterargues that the question of whether the defendant was negligent when he turned on the fire truck prior to her boarding it "should be a question left to a jury."

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Duty is a legal conclusion about relationships between individuals, made after the fact, and [is] imperative to a negligence cause of action. . . . Thus, [t]here can be no actionable negligence . . . unless there exists a cognizable duty of care. (Internal quotation marks omitted.) *Murdock* v. *Croughwell*, 268 Conn. 559, 566, 848 A.2d 363 (2004).

"[T]he issue of whether the defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." (Internal quotation marks omitted.) *Mozeleski* v. *Thomas*, 76 Conn. App. 287, 290, 818 A.2d 893, cert. denied, 264 Conn. 904, 823 A.2d 1221 (2003). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant

violated that duty in the particular situation at hand." (Internal quotation marks omitted.) *Murillo* v. *Seymour Ambulance Assn., Inc.*, 264 Conn. 474, 478–79, 823 A.2d 1202 (2003). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." (Internal quotation marks omitted.) *Hollister* v. *Thomas*, 110 Conn. App. 692, 699, 955 A.2d 1212, cert. denied, 289 Conn. 956, 961 A.2d 419 (2008).

"Although it has been said that no universal test for [duty] ever has been formulated; W. Prosser & W. Keeton, [Torts (5th Ed. 1984)] § 53, p. 358; our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" (Internal quotation marks omitted.) *Jaworski* v. *Kiernan*, 241 Conn. 399, 405, 696 A.2d 332 (1997).

"A simple conclusion that the harm to the plaintiff was foreseeable, however, cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally foreseeable, yet for pragmatic reasons, no recovery is allowed. . . . A further inquiry must be made, for we recognize that duty is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection. . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of the

world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." (Citations omitted; internal quotation marks omitted.) Id., 406.

In the present instance, the undisputed facts established through the plaintiff's deposition were as follows: first, the plaintiff injured her knee while she was attempting to get into a fire rescue truck for the purpose of participating in a routine drill. Second, at the time of her fall, the ignition switch of the vehicle in question was in the on position and the vehicle's engine was in operation; however, there is no evidence that the vehicle was in gear and moving in any direction. Third, the plaintiff stated that the wheels of the truck were not moving at the time of her alleged fall from the fire truck. This assertion of fact was not contradicted by the defendant's affidavit.

Applying the first step of the duty analysis to these established facts, this court finds that the plaintiff's alleged injury was not foreseeable to the defendant. The defendant was the operator of a fire rescue vehicle, which is required to respond quickly and efficiently to emergency type situations. It would not be unreasonable for such a vehicle's engine to be turned on before responding to a routine or actual drill. Furthermore, there is nothing alleged in the complaint that such a practice is in violation of any fire department policy or manual. In addition, there is nothing in the complaint to indicate that said vehicle was anything but a normal fire rescue vehicle that was operating in accordance with fire department policy and procedure. Last, there is no allegation in the complaint that indicates that said vehicle was defective and/or vibrating at an excessive

or dangerous level. In fact, the defendant states in his affidavit that "there is some vibration when the fire rescue truck is turned on, which is normal, and the amount of vibration was no different on June 12, 2005 than it was on any other prior occasion . . . ." Thus, it was not foreseeable to the defendant that by the mere act of turning on the ignition of a standard fire rescue vehicle he would cause injury to the plaintiff or to any firefighter who has training and experience in mounting or entering a standard fire vehicle. Since the harm that resulted from his actions was not foreseeable to him, the defendant did not have a duty toward the plaintiff. Consequently, the plaintiff's claim of negligence against the defendant cannot survive.

Finally, there is no genuine issue of material fact in this case that would prevent this court from granting the defendant's motion for summary judgment. The defendant has met his burden in this motion and, therefore, the burden shifts to the plaintiff. See Practice Book § 17-45. The plaintiff has not provided the court with any affidavits or other evidence in addition to her memorandum of law that create a dispute over a material fact.

For all of the foregoing reasons, the defendant's motion for summary judgment is granted.