## ROBERT PAWLOWSKI, ADMINISTRATOR (ESTATE OF STEVEN PAWLOWSKI), ET AL. *v.* DELTA SIGMA PHI FRATERNITY, INC., ET AL.*

Superior Court, Judicial District of New Haven
File No. CV-03-0484661-S

---

*Affirmed. Pawlowski* v. *Delta Sigma Phi Fraternity, Inc.*, 132 Conn. App. 816, 35 A.3d 1081 (2012).

Memorandum filed October 27, 2010

*Proceedings*

*Richard L. Newman*, for the plaintiffs.

*Lawrence H. Adler*, for the defendant Conor Melville.

B. FISCHER, J. The plaintiffs, Robert Pawlowski and Joan Pawlowski, are the administrators of the estate of their son, Steven Pawlowski. In that capacity, the plaintiffs initiated this wrongful death action, which stems from Pawlowski's death on November 10, 2001. Pawlowski was struck and killed by a car after he attended a party organized by members of the Delta Sigma Phi fraternity (fraternity) at 3327 Whitney Avenue, a private residence. The plaintiffs allege that Pawlowski, who was eighteen at the time of his death, was served alcohol that was purchased and served by members of the fraternity and became intoxicated.

The present action is defendant Conor Melville's motion for summary judgment on counts nine and ten of the plaintiffs' second amended complaint, dated May 3, 2006. The plaintiffs allege the following against Melville. At the time of Pawlowski's death, Melville was a Quinnipiac University student, a member of the fraternity and a resident of 3327 Whitney Avenue. Melville and/or other members of the fraternity advertised a party to be held at 3327 Whitney Avenue on November 9, 2001 (party). As a member of the fraternity, Melville

hosted the party and served alcoholic beverages to Pawlowski. The death of Pawlowski was caused by the negligence and recklessness of Melville in that he: provided alcoholic beverages to Pawlowski; failed to follow and/or enforce the procedures of the fraternity; failed to take adequate measures to prevent underage guests, including Pawlowski, from drinking alcoholic beverages; failed to supervise guests to prevent consumption of alcoholic beverages by underage guests; failed to provide an adequate system or any system to ascertain the age of guests; failed to supervise the guests knowing that alcoholic beverages were being provided and/or consumed; failed to provide safe transportation for intoxicated guests; and provided alcohol to Pawlowski when he knew or should have known that Pawlowski was a minor.

Melville filed his motion for summary judgment on December 17, 2009. That was accompanied by a memorandum of law. The plaintiffs filed an objection to Melville's motion for summary judgment on July 14, 2010. The defendant filed a reply brief on September 7, 2010.

## DISCUSSION

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Durrant* v. *Board of Education*, 284 Conn. 91, 99–100 n.7, 931 A.2d 859 (2007). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *Buell Industries, Inc.* v. *Greater New York Mutual Ins. Co.*, 259 Conn. 527, 556,

791 A.2d 489 (2002). "[T]he moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Internal quotation marks omitted.) *Zielinski* v. *Kotsoris*, 279 Conn. 312, 318, 901 A.2d 1207 (2006). Once the movant has met his burden, the burden shifts to the opposing party to "present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Id., 319. "[T]he issue of whether a defendant owes a duty of care is an appropriate matter for summary judgment because the question is one of law." (Internal quotation marks omitted.) *Mozeleski* v. *Thomas*, 76 Conn. App. 287, 290, 818 A.2d 893, cert. denied, 264 Conn. 904, 823 A.2d 1221 (2003).

Melville makes two arguments in support of his motion for summary judgment. First, he contends that he is entitled to summary judgment on the plaintiffs' negligence claim because he did not owe a duty to Pawlowski. With regard to the plaintiffs' recklessness claim, he argues that there is no evidence that he knowingly and recklessly enabled Pawlowski to consume alcohol. In support of his motion, Melville submits his affidavit and a copy of his deposition testimony. The plaintiffs contend that there is circumstantial evidence sufficient for a jury to infer that Pawlowski's death was the result of Melville's negligence and recklessness. The plaintiffs have presented the following evidence in support of their arguments: a copy of the alleged "ticket" to the party; an excerpt of the deposition testimony of Conor Melville; an excerpt of the deposition testimony

of Daniel McCabe; and an excerpt of the deposition testimony of Christopher Thoman.[1]

I

"In a negligence action, the plaintiff must meet all of the essential elements of the tort in order to prevail. These elements are: duty; breach of that duty; causation; and actual injury." *LaFlamme* v. *Dallessio*, 261 Conn. 247, 251, 802 A.2d 63 (2002). "To recover on a theory of negligence, the plaintiff must establish that the [defendant] owed a duty to [the injured person] and breached that duty. . . . The existence of a duty is a question of law. . . . Only if such a duty is found to exist does the trier of fact then determine whether the [defendant] violated that duty in the particular situation at hand." (Internal quotation marks omitted.) *Vitale* v. *Kowal*, 101 Conn. App. 691, 698, 923 A.2d 778, cert. denied, 284 Conn. 904, 931 A.2d 268 (2007).

Under Connecticut case law, in order to hold a defendant liable as a social host for negligently providing alcohol to a minor, the defendant must have either purveyed or supplied such alcohol. See *Rangel* v. *Parkhurst*, 64 Conn. App. 372, 380–81, 779 A.2d 1277 (2001) (affirming trial court decision granting summary judgment to defendants who may have known their minor son was storing alcohol in their home but were neither social hosts nor purveyors of beer); *Vitale* v. *Kowal*, Superior Court, judicial district of New Haven, Docket No. CV-03-0480765-S (February 1, 2006) (*Hon. William L. Hadden*, judge trial referee), aff'd, 101 Conn. App. 691, 923 A.2d 778 (2007) (denying summary judgment on negligence count where court found questions of fact regarding whether defendant was social host who purveyed, supplied or provided minor with alcohol).

[1] McCabe and Thoman were also members of the fraternity and residents of 3327 Whitney Avenue.

Historically, "[a]t common law it was the general rule that no tort cause of action lay against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. . . . The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it." (Internal quotation marks omitted.) *Craig* v. *Driscoll*, 262 Conn. 312, 322, 813 A.2d 1003 (2003). However, in *Ely* v. *Murphy*, 207 Conn. 88, 540 A.2d 54 (1988), the court carved out an exception to that general rule and held that hosts of a party who provided alcohol to minors were liable in tort for injuries caused by a minor who consumed alcohol at their home because the voluntary consumption of alcohol by a minor "does not . . . insulate one who provides alcohol to minors from liability for ensuing injury." Id., 95. That rule was expanded slightly in *Bohan* v. *Last*, 236 Conn. 670, 674 A.2d 839 (1996), in which the court held that purveyors of alcohol to minors may be liable to such minors or to third parties, even if those purveyors were not social hosts, subject to the limitation that the purveyors knew or had reason to know that the minor was not old enough to consume alcohol legally. Id., 678–81.

Melville urges this court to follow the court's reasoning in *Vitale* v. *Kowal*, supra, Superior Court, Docket No. CV-03-0480765-S, which, he argues, is based on a similar set of facts. In that case, the plaintiff's numerous allegations included claims that the defendants were negligent and reckless in that they supplied alcohol to a minor, provided the plaintiff's decedent with a safe place to drink, participated in drinking with the decedent and that such negligence and recklessness resulted in the decedent's intoxication and death. With respect to the claims made against the decedent's friends in

whose dormitory room he was drinking, the court granted summary judgment on the claims against the defendant who did not invite the decedent to the room, did not know the decedent had been invited, did not purchase alcohol and did not bring alcohol to the gathering. The court denied summary judgment, however, with respect to the claims against the defendant who had specifically invited the decedent to his room and owned the beer, holding, inter alia, that the evidence was sufficient to raise questions of fact as to whether that defendant had negligently purveyed, supplied, or provided the decedent with alcohol. Id. Melville argues that he is entitled to summary judgment on the plaintiffs' negligence claim against him because he did not owe a duty to Pawlowski. He asserts that he was not aware that a party had been planned, did not invite guests, and did not purchase the alcohol provided to party guests. Therefore, he argues, he was neither a social host nor a purveyor of the alcohol allegedly consumed by Pawlowski. The plaintiffs' arguments in opposition are centered around their assertion that there is sufficient circumstantial evidence for a jury to infer that Melville owed a duty to Pawlowski and was involved in and aware of the party. In fact, they argue that a jury could infer that Melville had knowledge that the party was being planned, was a host of the party and purveyed alcohol to minors.

In his affidavit, Melville states that he was unaware that a party was going to occur at 3327 Whitney Avenue on November 9, 2001, and he had previously expressed to his roommates that he did not want to have a party that weekend. He also states that he returned to 3327 Whitney Avenue at approximately 11 p.m. on November 9, 2001. At that time, the party was underway, with large numbers of people on the first floor and in the basement of the house, as well as a significant number of people attempting to enter the party. Of particular

significance are Melville's attestations that he "played no role in supplying alcohol for the party;" "did not drink any of the alcohol provided at the party;" and "did not know Steven Pawlowski." These attestations are confirmed by Melville's deposition testimony. Melville testified that he was aware of neither the party nor an initiation event to be held that weekend. He also testified there was at least one keg in the basement of the house but he didn't know how the keg was purchased or by whom it was purchased. Furthermore, according to Melville's testimony he was not actively involved in the fraternity and "didn't go to meetings . . . didn't plan any functions or hold any office."

Despite these attestations by Melville, the plaintiffs contend that there is sufficient circumstantial evidence for a jury to "infer that [Melville] did have involvement and awareness of the party . . . ." This court recognizes that jurors may draw reasonable inferences from circumstantial evidence when direct evidence does not exist. See *Curran* v. *Kroll*, 118 Conn. App. 401, 410, 984 A.2d 763 (2009), cert. granted, 295 Conn. 915, 990 A.2d 866 (2010). However, "[i]nferences should be based on probabilities, not possibilities, surmise, or conjecture. . . . To state a truism, the only kind of inference the law recognizes is a reasonable one." (Internal quotation marks omitted.) Id. Moreover, for the purposes of summary judgment, "[a] triable issue is not established by conjecture about what is 'possible.' . . . A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." (Citation omitted; internal quotation marks omitted.) *Crow & Sutton Associates, Inc.* v. *C.R. Klewin Northeast, LLC*, Superior Court, judicial district of Hartford, Docket No. X04-CV-05-4016823-S (May 21, 2010) (*Shapiro, J.*).

In the present case, the evidence submitted by the plaintiffs fails to contradict Melville's assertions that

he was not involved with planning the party or purchasing the alcohol eventually consumed by minors, including Pawlowski. Rather, the plaintiffs' evidence appears to confirm Melville's assertions. Specifically, the excerpt of the deposition testimony of Thoman demonstrates that Thoman bought two kegs of beer for the party, thereby supporting Melville's attestation that he was not involved in procuring alcohol for the party. In addition, McCabe testified that the decision to throw the party was made by the fraternity and that it was "the job of the executive board [of the fraternity] to throw an initiation party . . . ." That statement lends credence to Melville's assertions that he was not aware that a party was going to be held and was not involved in the planning of the party since he also testified that he was not a member of the fraternity's executive board.

The totality of the evidence when viewed in the light most favorable to the plaintiffs reveals that there is no genuine dispute as to facts that would establish a duty owed by Melville to Pawlowski. The evidence presented by Melville, establishes that he was not aware of the party; was not involved in the planning of the party; did not invite Pawlowski to 3327 Whitney Avenue; did not purchase or supply the alcohol consumed at the party; and did not drink with Pawlowski at the party. These facts do not support a determination that Melville owed a duty to Pawlowski as either a social host or a purveyor of alcohol. As a result, Melville is entitled to judgment on count nine of the plaintiffs' complaint.

## II

Melville argues that he is entitled to summary judgment on the plaintiffs' recklessness claim because such claim is unsupported by the evidence. Specifically, he argues that there is no evidence that he knowingly and recklessly enabled Pawlowski to consume alcohol. In addition, he argues that the allegations contained in the plaintiffs' complaint do not support a recklessness

claim. The plaintiffs did not brief their arguments in opposition separately. As a result, this court will consider the plaintiffs' arguments relevant to their recklessness claim to mirror those discussed in part I of this opinion.

"[A] count based on reckless and wanton misconduct must, like an action in negligence, allege some duty running from the defendant to the plaintiff. . . . In order to establish that the conduct of a defendant, who was under such a duty, was deliberate, wanton and reckless, the plaintiff must prove . . . the existence of a state of consciousness with reference to the consequences of one's acts . . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Citation omitted; internal quotation marks omitted.) *Vitale* v. *Kowal*, supra, 101 Conn. App. 698–99.

As discussed in part I of this opinion, the totality of the evidence fails to support a determination by this court that Melville owed a legal duty to Pawlowski. Moreover, the evidence submitted by the parties does not establish that Melville's conduct was deliberate, wanton and reckless behavior. Thus, Melville is entitled to summary judgment on count ten of the plaintiffs' complaint.

## CONCLUSION

For the foregoing reasons, Melville's motion for summary judgment is granted.